Charles Stephen TIMMS, Appellant,

v.

The STATE of Texas, Appellee.

No. 53542.

Court of Criminal Appeals of Texas.

Oct. 27, 1976.

Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This is an appeal from an order revoking probation wherein appellant stands convicted of criminal mischief, a third-degree felony. The punishment is imprisonment for four (4) years.

■ The record before us does not contain a transcription of the court reporter's notes. No brief was filed in the trial court in appellant's behalf pursuant to Art. 40.09, Sec. 9, Vernon's Ann.C.C.P. Nevertheless, we review the validity of the indictment as unassigned error in the interest of justice under Art. 40.09, Sec. 13, Vernon's Ann.C. C.P.

■ An indictment which fails to allege an offense was committed by the accused is insufficient to support a conviction. A conviction which is based on an indictment which fails to state an offense against the law is void. *American Plant Food Corporation v. State,* 508 S.W.2d 598 (Tex.Cr.App. 1974).

The instant indictment, omitting the formal part, alleges that appellant, on or about November 28, 1974, "did then and there intentionally and knowingly damage tangible property of Sue Payne, the owner, to-wit: an automobile and did thereby cause pecuniary loss in the amount of more than Two Hundred Dollars ($200.00) but less than Ten Thousand Dollars ($10,000) to the said Sue Payne. . . ."

The pertinent part of V.T.C.A., Penal Code, Sec. 28.03, which prohibits criminal mischief, provides:

"(a) A person commits an offense if, *without the effective consent of the owner*:

(1) he intentionally or knowingly damages . . . tangible property of the owner; . . .

(b) An offense under this section is:

\* \* \* \* \* \*

(4) a felony of the third degree if:

(A) the amount of pecuniary loss is $200 or more but less than $10,000; . . .." (Emphasis supplied)

The practice commentary which follows Sec. 28.03, supra, states:

"Section 28.03 is, essentially, a restatement of Penal Code art. 1350, the general property damage offense in prior law, with some clarifications and expansions. Article 1350 and most other property damage offenses in prior law proscribed destructive conduct only if it was committed without the owner's consent. This section proscribes conduct committed without the owner's 'effective consent,' a concept that clarifies the type of consent required by negating consent given be-

cause of coercion or deception, given by one whom the actor knows lacks authority or capacity, or given for the detection of the commission of an offense. See Section 1.07 (code definitions). As in prior law, the actor is not guilty of criminal mischief if he has the owner's effective consent, although both might be guilty as parties to some other offense, such as destroying secured property with intent to defraud creditors, Section 32.33."

We agree with the authors of the practice commentary that the intentional or knowing damaging or destruction of the tangible property of another does not constitute an offense if done with the consent of the owner of the property. Because the indictment, which purports to allege the offense of criminal mischief, does not allege that the offense was committed without the effective consent of the owner, an essential element of that offense, it is fundamentally defective. See and compare *Standley v. State,* 517 S.W.2d 538 (Tex.Cr.App.1975).

The judgment is reversed and the prosecution ordered dismissed.