Eddie N. JEFFERS, Appellant,

v.

The STATE of Texas, Appellee.

No. 53665.

Court of Criminal Appeals of Texas.

Jan. 19, 1977.

Reynold M. Gardner, Amarillo, for appellant.

Tom A. Curtis, Dist. Atty., and Morris L. Overstreet, Asst. Dist. Atty., Amarillo, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

Appellant was convicted in a trial before the court of criminal mischief, a Class A misdemeanor. Punishment was assessed at confinement in jail for three (3) days and a fine of One Hundred Dollars ($100.00); however, the punishment was probated for a period of six months pursuant to Article 42.13, Vernon's Ann.C.C.P.

An examination of the record reveals that the information fails to charge the offense of criminal mischief as denounced by V.T.C.A., Penal Code Section 28.03. The charging part of the complaint is identical to that of the information. Because the complaint and information are fundamentally defective, the judgment of conviction must be reversed and the complaint and information ordered dismissed.

The information, omitting the formal parts, alleges that appellant, on or about the 15th day of January, 1976, did then and there:

"Intentionally and knowingly damage and destroy tangible property of Alton Goodin, the owner, to-wit: one door and two windows, and did thereby cause pecuniary loss of at least the value of $20.00 but less than the value of $200.00 to said Alton Goodin. . . ."

Because the complaint and information, which purport to allege the offense of criminal mischief, do not allege that the offense was committed without the effective consent of the owner, an essential element of that offense, they are fundamentally defective. *Timms v. State,* 542 S.W.2d 424 (Tex.Cr.App.1976). It is noted that many times property is destroyed at the request of and with the consent of the owner.

The judgment is reversed and the prosecution ordered dismissed.