Ex parte Marvin L. DOBBINS.

No. 58866.

Court of Criminal Appeals of Texas, Panel No. 1.

Sept. 20, 1978.

Before ODOM, VOLLERS and W. C. DA-VIS, JJ.

## OPINION

W. C. DAVIS, Judge.

This is a post conviction writ of habeas corpus application filed pursuant to Art. 11.07, V.A.C.C.P.

Petitioner asserts that he is illegally restrained as "the judgment of conviction is based upon an information which failed to state an offense against the law."

On August 5, 1976, the petitioner was convicted of criminal mischief. V.T.C.A., Penal Code, Sec. 28.03(b)(4)(A) in Cause No. 1444 in the District Court of Gaines County, Texas, 106th Judicial District. He waived indictment and proceeded by information. Upon a plea of guilty, the court sentenced petitioner to a term of two to five years' confinement in the Texas Department of Corrections. The right to appeal was waived.

Petitioner's conviction was had upon an information which purported to charge the offense of criminal mischief. The information fails to allege that the property was destroyed without the effective consent of the owner, an essential element of the offense. We agree with the trial court's conclusion on consideration of petitioner's application on May 18, 1978, that for the failure to allege an essential element of the offense, the information is fundamentally defective and the conviction is void. Art. 21.23, V.A.C.C.P.; *Jeffers v. State*, 545 S.W.2d 482 (Tex.Cr.App.1977); *Timms v.*

*State*, 542 S.W.2d 424 (Tex.Cr.App.1976). See also *Ex parte Winton*, 549 S.W.2d 751 (Tex.Cr.App.1977).

The conviction is set aside and the information is ordered dismissed. A copy of this order shall be delivered to the Texas Department of Corrections.

Relief granted.