Ex parte Nellie **PARKER** a/k/a Nellie Green Argersinger.

No. 60491.

Court of Criminal Appeals of Texas, Panel No. 1.

Feb. 28, 1979.

 

chief under V.T.C.A., Penal Code, Section 28.03. The information is, therefore, fundamentally defective and the conviction is void. *Timms v. State*, 542 S.W.2d 424 (Tex. Cr.App.1976); *Ex parte Dobbins*, 571 S.W.2d 30 (Tex.Cr.App.1978).

The conviction is set aside and the information is ordered dismissed. A copy of this opinion shall be delivered to the Department of Corrections.

The relief prayed for is granted.

Before ONION, P. J., and PHILLIPS and TOM G. DAVIS, JJ.

## OPINION

ONION, Presiding Judge.

This is a post-conviction habeas corpus proceeding instituted under the provisions of Article 11.07, Vernon's Ann.C.C.P.

Petitioner contends that her confinement is unlawful because the judgment of conviction is based upon an information which fails to state an offense against the law. We agree with petitioner's contention, and set aside the conviction.

On July 12, 1978, petitioner, having waived prosecution by indictment, entered a plea of guilty before the court to a felony information which purported to charge her with the offense of criminal mischief, a third degree felony. She was convicted, and the court assessed punishment at imprisonment for four years. Petitioner was then sentenced to an indeterminate term of not less than two years nor more than four years; however, no appeal was perfected.

An examination of the information reveals that it fails to allege that the property was damaged or destroyed "without the effective consent of the owner," an essential element of the offense of criminal mis-