**Robert John VANTIL, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–93–101–CR.**

Court of Appeals of Texas,
Fort Worth.

Sept. 21, 1994.

Philips & Hopkins, P.C., Jerry Cobb, Denton, for appellant.

Bruce Isaacks, Crim. Dist. Atty., David C. Colley, Asst., Denton, for appellee.

Before FARRIS, LATTIMORE and DAY, JJ.

## OPINION

LATTIMORE, Justice.

Appellant Robert John Vantil was convicted by the court of the offense of criminal mischief over $20.00. *See* TEX.PENAL CODE ANN. § 28.03(a) (Vernon 1994). The court assessed punishment at ten days' confinement in the Denton County jail probated for six months, a fine of $200.00, and restitution for damages to the complainant's truck of $199.00. On appeal Vantil raises two points of error, contending that the trial court erred in: (1) failing to properly admonish Vantil with regard to the waiver of his right to counsel; and (2) finding Vantil guilty because the evidence is legally and factually insufficient to support a finding that any damage was done without the effective consent of the owner.[1]

We reverse and remand to the trial court for entry of judgment of acquittal.

■ Robert Vantil was charged with criminal mischief for removing the glass and damaging the trim of the rear window on Rick Evatt's truck. The offense of criminal mischief is defined in section 28.03 of the Texas Penal Code, which provides, in pertinent part, that:

(a) A person commits an offense if, without the effective consent of the owner:

(1) he intentionally or knowingly damages or destroys the tangible property of the owner; [or]

(2) he intentionally or knowingly tampers with the tangible property of the owner and causes pecuniary loss or sub-

stantial inconvenience to the owner or a third person. . . .

TEX.PENAL CODE ANN. § 28.03(a) (Vernon 1994). In his second point of error, Vantil complains that the State failed to prove an essential element of the offense, *i.e.*, the evidence was factually insufficient to show Vantil lacked effective consent to commit the act in question.[2] We agree.

In reviewing the sufficiency of the evidence to support a conviction, the evidence is viewed in the light most favorable to the judgment. *Narvaiz v. State*, 840 S.W.2d 415, 423 (Tex.Crim.App.1992), *cert. denied*, — U.S. ——, 113 S.Ct. 1422, 122 L.Ed.2d 791 (1993). The critical inquiry is whether, after so viewing the evidence, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Moreno v. State*, 755 S.W.2d 866, 867 (Tex. Crim.App.1988).

"This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979).

■ The sufficiency of the evidence is a question of law. The issue on appeal is not whether we as a court believe the State's evidence or believe that the defense's evidence outweighs the State's evidence. *See Matson v. State*, 819 S.W.2d 839, 846 (Tex. Crim.App.1991); *Wicker v. State*, 667 S.W.2d 137, 143 (Tex.Crim.App.), *cert. denied*, 469 U.S. 892, 105 S.Ct. 268, 83 L.Ed.2d 204 (1984). The judgment may not be overturned unless it is irrational or unsupported by proof beyond a reasonable doubt. *Matson*, 819 S.W.2d at 846.

---

1. Because Vantil failed to adequately brief his legal sufficiency point, we limit our review to his factual sufficiency claim.

2. "Effective consent" is defined as:
   [C]onsent by a person legally authorized to act for the owner. Consent is not effective if:
   (A) induced by force, threat, or fraud;
   (B) given by a person the actor knows is not legally authorized to act for the owner;

(C) given by a person who by reason of youth, mental disease or defect, or intoxication is known by the actor to be unable to make reasonable decisions; or
   (D) given solely to detect the commission of an offense.
TEX.PENAL CODE ANN. § 1.07(19) (Vernon 1994).

From the record, we learn that Vantil owned a mobile home park in Denton County, Texas. Evatt, a former tenant who kept his mobile home in Vantil's park, fell three months in arrears on his rent payments. After numerous requests for payment, Vantil obtained a court order to evict Evatt from the park, and arranged for county authorities to move Evatt's trailer off the park property. However, in an apparent effort to prevent the trailer's removal, Evatt parked his truck so as to prevent the county authorities from hooking up to the tongue of the trailer. On February 10, 1992, Vantil left a note on Evatt's truck demanding that it be moved. Evatt did not comply.

The next day, Vantil entered the truck by removing its rear sliding window with a screwdriver. However, before he could move the truck, Vantil was confronted by Evatt. The truck, as parked, was preventing the removal of the trailer. To preclude eviction, Evatt paid Vantil the back rent, and the two men agreed to drop the matter. Evatt testified, however, that only after paying the back rent did he learn that Vantil had removed the rear window, and that the rubber and metal trim had been damaged. Although Evatt possessed the skill to replace the rear window himself, he paid to have the window reinstalled by a repair shop so that he could collect the money from Vantil. Evatt filed a complaint, and Vantil was subsequently charged by information with criminal mischief. Vantil waived both his right to counsel and his right to a jury trial.

■■■ The State has the burden to prove beyond a reasonable doubt each element of the offense with which the defendant is charged. TEX.PENAL CODE ANN. § 2.01 (Vernon 1994). With criminal mischief, showing that the act in question was committed "without effective consent" is an essential element of the offense. *See Jeffers v. State,* 545 S.W.2d 482 (Tex.Crim.App.1977); *Timms v. State,* 542 S.W.2d 424 (Tex.Crim.App.1976). After a thorough review, we find the evidence insufficient to support Vantil's conviction for criminal mischief.

Evatt was purposefully using the truck as a barrier to prevent his lawful eviction from the mobile home park. Therefore, Vantil resorted to nonviolent self-help to facilitate the court-ordered eviction.[3] The testimony was uncontroverted that Vantil removed a portion of the rear window of Evatt's truck to gain access to the vehicle. Vantil testified that his motivation for entering the truck was:

> to move it into storage in the rear of the park which is not a locked storage or a secured area ... so that the people that were hired to move the mobile home by the county would be able to go in and pull the mobile home off of the lot that was there.

Vantil testified that he did not tell Evatt about removing the rear window because the door of the truck was open when Evatt arrived, thus exposing the window to view. Because there was evidence that Vantil admitted to intentionally removing and arguably damaging the rear window, the focus of our inquiry is whether Vantil lacked effective consent to enter the truck in that manner.

The State argues that, although the "magic words" were not used, sufficient circumstantial evidence was presented at trial to prove that no effective consent was given prior to Vantil removing the rear window of Evatt's truck. The State apparently concedes, however, that the specific issue of consent was never addressed at trial. In fact, neither Vantil nor Evatt were asked a single question about consent. Instead, the State now attempts to justify the trial court's judgment on the basis of Evatt's testimony that he didn't notice the damage to the truck until after paying Vantil the back rent, and therefore could not have given effective consent. However, we decline to hold such an inference as conclusive proof of the effective consent element. After reviewing the entire record in a light most favorable to the judgment, we hold that the evidence is insufficient to support the trial court's finding of lack of effective consent beyond a reasonable doubt.

---

**3.** Vantil apparently believed the forcible eviction order authorized him to remove all of Evatt's property from the premises, including the truck.

Although we find insufficient evidence to support a criminal prosecution, we readily acknowledge that Vantil may be subject to some civil liability arising out of his acts. However, we feel, from a criminal perspective, that Vantil's act was a measured response taken to protect his interests as a landowner. If, as suggested at trial, Vantil had called a tow truck to remove Evatt's truck, and the tow truck operator accidently damaged the truck, we doubt any district attorney would prosecute the tow truck operator for criminal mischief even though the elements of the offense are technically met.[4] The reason, we think, is that consent to move the vehicle is implied where the owner unlawfully places it in a location where it constitutes either a trespass or causes harm to another. If Evatt sustained damage as a result of Vantil's action, he should seek restitution in the civil court system. The criminal system should be used to prosecute criminals. Point of error two is sustained.

The judgment of the trial court is reversed and remanded for entry of judgment of acquittal.

4. The tow truck operator: (1) acted without the explicit effective consent of the owner; (2) intended to tow the truck; and (3) damage occurred as a result of the intended act.