Brian Kirk WILLIAMS, Appellant,

v.

STATE of Texas, Appellee.

No. 11–94–169–CR.

Court of Appeals of Texas,
Eastland.

May 9, 1996.

Discretionary Review Refused
Aug. 28, 1996.

Paul W. Hanneman, Sweetwater, for appellant.

Frank W. Conard, II, District Attorney, Sweetwater, for appellee.

Before ARNOT, C.J., and WRIGHT and DICKENSON, JJ.

## OPINION

WRIGHT, Justice.

The jury convicted appellant of possession of cocaine with intent to deliver and assessed his punishment at confinement for 28 years. We affirm.

On December 2, 1993, at 8:30 p.m., a confidential informant informed Deputy Patrick Sheridan that there was an "oversized black male at Ron's Place dealing crack cocaine." The informant told the deputy that the man's name was Brian. The informant also described certain clothing that the man was wearing. Deputy Sheridan had "been associated" with the informant for approximately one year. Previous information received from the informant had proven reliable and credible. Ron's Place was known for drug activity.

Later, at about 9:30 p.m., Deputy Sheridan and several other law enforcement agents set up a surveillance near Ron's Place. Deputy Sheridan saw an oversized black male who matched the description given by the informant. When a vehicle pulled up to appellant, appellant "went directly to the car, stepped off the curb, bent down, knelt" and reached his right arm into the car and then "reach[ed] back to his jacket." Based on his five years of law enforcement experience and the information received from the informant, Deputy Sheridan concluded that he had witnessed a drug transaction.

Uniformed law enforcement agents, who were also at Ron's Place approached the car and appellant. Fearing that appellant might have a weapon, Deputy Sheridan asked appellant to place his hands on the hood of the patrol car. Appellant did not comply. Instead, he took his hands off the car and started moving from side to side "making it impossible for [Deputy Sheridan] to perform a search of [appellant]." Appellant was placed under arrest for resisting arrest.[1]

---

1. TEX. PENAL CODE ANN. § 38.03(a) (Vernon 1994) provides:

   A person commits an offense if he intentionally prevents or obstructs a person he knows is a peace officer or a person acting in a peace officer's presence and at his direction from effecting an arrest, *search*, or transportation of the actor or another by using force against the peace officer or another. (Emphasis added)

A pat-down search was conducted at the scene of the arrest and a "wad of cash" was found. A subsequent search at the sheriff's office resulted in the discovery of two bags containing a white powdery substance, which was later identified as cocaine.

■ In his first and second points of error, appellant argues that the search and the arrest violated his constitutional rights under the fourth and fourteenth amendments of the U.S. Constitution and that the evidence seized from the search is inadmissible under TEX.CODE CRIM.PRO.ANN. art. 38.23 (Vernon Supp.1996).[2] Appellant argues that the trial court should have suppressed the evidence obtained from the arrest. Absent a showing of an abuse of discretion, the trial court's findings will not be disturbed, if supported by the record. *Davis v. State*, 829 S.W.2d 218, 220 (Tex.Cr.App.1992); *Rivera v. State*, 808 S.W.2d 80, 96 (Tex.Cr.App.), *cert. den'd*, 502 U.S. 902, 112 S.Ct. 279, 116 L.Ed.2d 231 (1991).

■ A police officer may lawfully stop and detain a suspicious individual for the purpose of investigating possible criminal behavior. See *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). The detention must be based on articulable facts, and reasonable inferences from those facts, which, in light of the officer's experience and knowledge, lead to the conclusion that the suspicious person may be connected with criminal activity. *Terry v. Ohio*, supra; *Amores v. State*, 816 S.W.2d 407, 411 (Tex. Cr.App.1991); *Hoag v. State*, 728 S.W.2d 375, 380 (Tex.Cr.App.1987). Once the officer has lawfully detained the suspect, the officer may conduct a limited search of the individual for weapons, if reasonably necessary to protect the officer or others. *Terry v. Ohio*, supra.

■ In this case, Deputy Sheridan received information from an informant who had given reliable and credible information in the past that drug activity was taking place. The deputy's initial observations corroborated the physical description given by the informant. Ron's Place was an area known for drug activity. Deputy Sheridan testified that, based on his law enforcement experience, he believed that he was witnessing a drug transaction. We find that, given the circumstances, there were sufficient articulable facts and reasonable inferences therefrom to believe that appellant was connected with criminal activity.

■ There was evidence that a search for weapons was necessary for the officers' safety. Appellant obstructed the officers from conducting the search, making it impossible for them to conduct the search. We find that the arrest and the search incident to arrest were valid. We hold that the trial court did not err in overruling appellant's motion to suppress. Appellant's first and second points of error are overruled.

Appellant urges in the third and fourth points that the evidence is insufficient to prove venue and jurisdiction in Nolan County as alleged in the indictment. We disagree.

■ We will presume that venue was proven in the trial court unless venue was made an issue in the trial court or unless it otherwise affirmatively appears to the contrary from the record. TEX.R.APP.P. 80(d). When venue is made an issue in the trial court, failure to prove venue in the county of prosecution constitutes reversible error. *Black v. State*, 645 S.W.2d 789, 791 (Tex.Cr. App.1983); *Knabe v. State*, 836 S.W.2d 837, 839 (Tex.App.—Fort Worth 1992, pet'n ref'd). A defendant's motion for instructed verdict which specifically challenges the proof of venue timely raises the issue. *Black v. State*, supra.

■ Appellant moved for an instructed verdict. However, the motion failed to specifically challenge the issue of venue, and we find no affirmative evidence in the record to the contrary. There was evidence that the offense occurred at Ron's Place located on F.K. Williams Street in Sweetwater, Texas. Under TEX.R.CRIM.EVID. 201, we may

2. Article 38.23 provides in relevant part:
   No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.

take judicial notice of an adjudicative fact that is:

[N]ot subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

The evidence is sufficient to prove that the offense occurred in Nolan County, Texas. Appellant's third and fourth points of error are overruled.

Appellant complains in his fifth and sixth points of error that there was error in the jury charge. We disagree.

Errors alleged to have been made in a jury charge are subject to review under the standards established in *Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Cr.App.1985). Under *Almanza,* a determination of whether reversible error exists in a jury charge requires a case-by-case analysis. Furthermore, the error must have prejudiced appellant. *Daniels v. State,* 754 S.W.2d 214, 222 (Tex.Cr.App.1988). When an error has been properly preserved by objection a reversal is not called for, if the error is harmless. The court stated in *Almanza:*

[T]he actual degree of harm must be assayed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole.

We may presume that the jury acted rationally, absent a showing to the contrary. *Richardson v. State,* 879 S.W.2d 874, 882 (Tex.Cr. App.1993), *cert. den'd,* — U.S. —, 115 S.Ct. 741, 130 L.Ed.2d 643 (1995). Appellant has the burden of persuasion with respect to the requisite degree of harm. *Abdnor v. State,* 871 S.W.2d 726, 732 (Tex.Crim.App. 1994).

Appellant contends in his fifth point that the jury should have been instructed that they could consider only the reasonable suspicion of one officer in determining whether that officer had the right to make a temporary detention, rather than the reasonable suspicions of all the officers collectively.

In his sixth point, appellant argues that the jury was instructed that the validity of the probable cause determination was based upon the total knowledge of all the officers who were present at the stop.

The record reflects the jury was given the following instructions:

You are further instructed that before an officer has the right to make a temporary investigative detention of a defendant, the officer must have a reasonable suspicion that the defendant is connected with some criminal activity that is or has occurred.

Now, therefore, before you consider the testimony of the peace officer witnesses concerning the actions of or evidence taken from the defendant at the time of the detention, you must first find beyond a reasonable doubt that the officers had a reasonable suspicion that some criminal activity was or had occurred and that the defendant was connected with such criminal activity, to-wit: possession with intent to deliver Cocaine or possession of Cocaine, and if you do not so find beyond a reasonable doubt you will disregard such testimony or evidence for any purpose.

Any evidence obtained by an officer or other person in violation of any provision of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States shall be disregarded by the Jury.

A peace officer has authority without a warrant of arrest to stop and search an individual where he has probable cause to believe that the defendant was committing a felony in his presence.

Now, before you consider the testimony of the witnesses concerning U.S. currency or Cocaine taken from [appellant], you must first find beyond a reasonable doubt from the peace officers' observation of the actions of [appellant] (and other facts in issue) that the peace officers had probable cause to believe and did believe that [appellant] was committing a felony to-wit: possession with intent to deliver Cocaine or possession of Cocaine in their presence, and if you do not so find beyond a reason-

able doubt, you will disregard such evidence for any purpose.

When several officers are cooperating, their cumulative information is to be considered in determining whether reasonable suspicion or probable cause exists at the time of the stop. See *Hoag v. State,* supra; *Woodward v. State,* 668 S.W.2d 337, 344 (Tex.Cr.App.1982), *cert. den'd,* 469 U.S. 1181, 105 S.Ct. 939, 83 L.Ed.2d 952 (1985). The record reflects that, after Deputy Sheridan received the information from the confidential informant, he asked four other law enforcement agents (Police Chief Gary Shaw, Deputy Carson Bennett, Chief Deputy Sid Reyes, and Deputy Shane Baxter) to aid him in setting up a surveillance. Chief Deputy Reyes and Deputy Baxter were in one unmarked car, and Deputy Sheridan was in another car with the other two agents. The two cars were able to keep in contact by radio. Deputy Sheridan and Deputy Shaw observed appellant's actions and then directed Chief Deputy Reyes and Deputy Baxter to approach appellant.

The record reflects that the officers cooperated with each other from the time that the tip was received until appellant was arrested. Moreover, Deputy Sheridan had reasonable suspicion that some criminal activity had occurred and that appellant was connected to such activity. Furthermore, Deputy Sheridan's testimony supports a finding that he had probable cause to believe appellant was committing a felony in his presence. TEX. CODE CRIM.PRO.ANN. art. 14.01 (Vernon 1977); *Beverly v. State,* 792 S.W.2d 103, 105–106 (Tex.Cr.App.1990). Appellant's fifth and sixth points of error are overruled.

The judgment of the trial court is affirmed.