11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Debra Liles
Watson

Appellant

Vs.      
            No. 11-01-00204-CR  -- 
Appeal from Jones County

State of Texas

Appellee

 

Debra
Liles Watson waived her right to a jury trial, and the trial court convicted
her of driving while intoxicated and assessed punishment at confinement for 120
days.  We affirm.  

Appellant
presents three points of error challenging the sufficiency of the
evidence.  In the first point, she
contends that the State failed to prove venue. 
In the second point, she contends that the evidence was legally
insufficient to show that she was driving while intoxicated.  In the third point, she contends that the evidence
was factually insufficient to show that she was driving while intoxicated.  In order to determine if the evidence is
legally sufficient, we must review all of the evidence in the light most
favorable to the verdict and determine whether any rational trier of fact could
have found the essential elements of the crime beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307 (1979);
Jackson v. State, 17 S.W.3d 664 (Tex.Cr.App.2000).  In order to determine if the evidence is factually sufficient, we
must review all of the evidence in a neutral light and determine whether the
evidence in support of a vital fact is so weak as to be clearly wrong and
manifestly unjust or whether the finding of a vital fact is so contrary to the
great weight and preponderance of the evidence as to be clearly wrong and
manifestly unjust.  Goodman v. State, 66
S.W.3d 283 (Tex.Cr.App.2001); Johnson v. State, 23 S.W.3d 1, 11
(Tex.Cr.App.2000); Cain v. State, 958 S.W.2d 404 (Tex.Cr.App.1997); Clewis v.
State, 922 S.W.2d 126 (Tex.Cr.App.1996). 









The record
shows that Officers Sammy Zapata and John Clayton were investigating a report
that appellant had been harassing Don Caffey. 
While at Caffey=s
house, they saw appellant driving toward them. 
She was about a block away and suddenly turned and sped off.  In order to question her concerning the
harassing phone calls, the officers tried to follow her.  They could not catch her.  In the meantime, appellant jumped a curb
while she was driving on the wrong side of the road and almost ran over a small
child.  Shortly thereafter, the officers
located appellant at her residence and determined that she was extremely
intoxicated.  Appellant=s eyes were red and bloodshot.  Her speech was slurred.  Her movements were slow, groggy, and
unsteady.  There was a strong smell of
alcoholic beverage about her person. 
Appellant could not perform any of the field sobriety tests, and she
also failed the horizontal gaze nystagmus test.  Appellant would not blow properly into the intoxilyzer, and the
results were invalid.  The evidence
shows clearly that appellant was intoxicated at the time that she was contacted
at her home.  Appellant had driven up to
her house less than 2 minutes before being contacted by Officer Clayton, and
the officers had seen her driving near Caffey=s house only 12 minutes earlier. 
Appellant admitted that she had had 2 bourbon and cokes and that she had
been driving.  We hold that the evidence
is both legally and factually sufficient to support appellant=s conviction for driving while
intoxicated.  The second and third
points of error are overruled.  

As for the
venue challenge, we will presume that venue was proven in the trial court
unless venue was made an issue in the trial court or unless it otherwise
affirmatively appears to the contrary from the record.  TEX.R.APP.P. 44.2(c)(1); Williams v. State,
924 S.W.2d 189 (Tex.App. - Eastland 1996, pet=n ref=d). 
When venue is made an issue in the trial court, failure to prove venue
in the county of prosecution constitutes reversible error.  Black v. State, 645 S.W.2d 789, 791
(Tex.Cr.App.1983); Williams v. State, supra. 
Appellant first challenged the issue of venue in her appellate
brief.  She did not challenge the issue
of venue in the trial court, and no affirmative evidence showed venue to be to
the contrary.  There was no evidence
that the offense occurred in another county. 
The evidence showed that the offense occurred in Stamford, including the
300 and 400 blocks of Davenport in Stamford. 
Under TEX.R.EVID. 201, we may take judicial notice of an adjudicative
fact that is:

[N]ot
subject to reasonable dispute in that it is either (1) generally known within
the territorial jurisdiction of the trial court or (2) capable of accurate and
ready determination by resort to sources whose accuracy cannot reasonably be
questioned.








Both the trial court and
this court may take judicial notice that the address in Stamford is located in
Jones County.  Thus, we hold that the
evidence is sufficient to prove that the offense occurred in Jones County.  See Williams v. State, supra; see also Grant
v. State, 33 S.W.3d 875, 878-79 (Tex.App. - Houston [14th Dist.] 2000, pet=n ref=d).  Appellant=s first point of error is overruled. 

The
judgment of the trial court is affirmed. 


 

W. G. ARNOT, III

CHIEF
JUSTICE

June 27, 2002

Do not publish.  See
TEX.R.APP.P. 47.3(b).

Panel consists of:  Arnot, C.J., and 

Wright, J., and McCall, J.