**Opinion filed December 16, 2010**



# In The

# Eleventh Court of Appeals

_____

## No. 11-09-00045-CV

_____

## IN THE MATTER OF K.D.P., A JUVENILE

**On Appeal from the County Court at Law**

**Midland County, Texas**

**Trial Court Cause No. 5883**

## M E M O R A N D U M   O P I N I O N

K.D.P. appeals the trial court's order in which it found that she engaged in delinquent conduct and in which it committed her to the care, custody, and control of the Texas Youth Commission. We affirm.

On May 23 and 24, 2009, K.D.P.; her boyfriend, M.B.; a man named Ranger Fields; and S.P.[1] drove K.D.P.'s mother's van and shot out various windows of vehicles and businesses in Midland. On May 24, one of the complainants followed the van and was able to help the police locate it. K.D.P. and M.B. were taken into custody as juveniles. Fields was arrested and provided a statement admitting to the vandalism. S.P. was released to her parents.

The State filed a Petition for Delinquency, alleging that K.D.P. engaged in six counts of delinquent conduct. Specifically, it alleged that K.D.P.:

> (1) intentionally and knowingly damaged and destroyed tangible property,
> to wit: a 2007 4-door GMC Acadia by shooting the vehicle with an air powered

---

[1]S.P. was only present on May 24.

BB gun, without the effective consent of James and Karen Crume, the owners; and further,

(2) intentionally and knowingly damaged and destroyed tangible property, to wit: two glass entry doors of Uncle's Convenience Store, located at 6601 FM 307, in Midland, Texas, by shooting the two glass doors with an air powered BB gun, without the effective consent of Cindy Fisher, manager of Uncle's Convenience Store, the owner; and further,

(3) intentionally and knowingly damaged and destroyed tangible property, to wit: a 1997, 3-door Ford Econoline Van belonging to YMCA of Midland, by shooting the vehicle with an air powered BB gun, without the effective consent of George Fierro, President and CEO of YMCA of Midland, the owner; and further,

(4) intentionally and knowingly damaged and destroyed tangible property, to wit: two glass entry doors of Midland Park Lanes, located at 5320 West Loop 250 North, in Midland, Texas, by shooting the two glass doors with an air powered BB gun, without the effective consent of Mark Maddox, manager of Midland Park Lanes, the owner; and further,

(5) intentionally and knowingly damaged and destroyed tangible property, to wit: a 2000 Dodge Pickup by shooting the vehicle with an air powered BB gun, without the effective consent of Jacob Carter, the owner; and further,

(6) intentionally and knowingly damaged and destroyed tangible property, to wit: a 2003 2-door Ford F150 Super Cab, by shooting the vehicle with an air powered BB gun, without the effective consent of Hilario Fuentes, the owner.

The State further alleged that all six counts were committed pursuant to one scheme and continuing course of conduct and that the aggregate value of the property damaged and destroyed was $1,500 or more but less than $20,000.

K.D.P. pleaded not true to each count, and the State proceeded to a jury trial. The jury found Counts One, Two, Three, and Five true. The jury also found that the property was damaged or destroyed pursuant to one scheme and continuing course of conduct. At the sentencing hearing, the trial court committed K.D.P. to the care, custody, and control of the Texas Youth Commission.

K.D.P. raises two issues. First, she asserts that Counts One, Three, and Five are unsupported by legally sufficient evidence that the criminal mischief was committed without the effective consent of the owners of the property. Further, K.D.P. argues that Count One is unsupported by legally sufficient evidence that the offense took place in Midland County, Texas. In her second issue, K.D.P. argues that, because there was insufficient evidence to support the jury's findings in Counts One, Three, and Five, the trial court erred in committing her to the care

2

and custody of the Texas Youth Commission because, if anything, she was guilty of only misdemeanor conduct.

In order to determine if the evidence is legally sufficient, we review all of the evidence in the light most favorable to the verdict and determine whether the jury was rationally justified in finding guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Brooks v. State*, PD-0210-09, 2010 WL 3894613, at *5 (Tex. Crim. App. Oct. 6, 2010). In conducting this review, we are required to defer to the jury's role as the sole judge of the witnesses' credibility and the weight their testimony is to be afforded. *Id*. In circumstantial evidence cases, it is not necessary that every fact point directly and independently to the accused's guilt. Rather, the evidence is sufficient if the factfinder's conclusion is warranted by the combined and cumulative force of all the incriminating circumstances. *Thompson v. State*, 563 S.W.2d 247, 250 (Tex. Crim. App. 1978); *Robertson v. State*, 888 S.W.2d 493 (Tex. App.—Amarillo 1994, pet. ref'd).

A person commits criminal mischief if, without the effective consent of the owner, he intentionally or knowingly damages or destroys the tangible property of the owner. TEX. PENAL CODE ANN. § 28.03(a)(1) (Vernon Supp. 2010). If more than one item of property belonging to one or more owners is damaged or destroyed pursuant to one scheme or continuing course of conduct, then the conduct may be considered as one offense, and the amount of pecuniary loss to property may be aggregated in determining the grade of the offense. Section 28.03(f). The offense is a state jail felony if the amount of pecuniary loss is $1,500 or more but less than $20,000. Section 28.03(b)(4)(A).

One of the essential elements of the offense of criminal mischief is that the act in question was committed "without effective consent." *Vantil v. State*, 884 S.W.2d 212, 214 (Tex. App.—Fort Worth 1994, no pet.). Effective consent is defined as consent by a person legally authorized to act for the owner. TEX. PENAL CODE ANN. § 1.07(19) (Vernon Supp. 2010). Lack of effective consent can be established by circumstantial evidence. *Hathorn v. State*, 848 S.W.2d 101, 107 (Tex. Crim. App. 1992). Circumstantial evidence can support a finding of guilt even if the evidence might lead to more than one inference. *Mayfield v. State*, 188 S.W.3d 316, 320 (Tex. App.—Eastland 2006, pet. ref'd).

K.D.P. argues that the State presented no evidence of lack of effective consent in Counts One, Three, and Five. In Count One, the State alleged that the owners were James and Karen Crume. James Michael Crume testified that he owns a 2007 four-door GMC Acadia but that his daughter drives it. On the night of May 24, his daughter was driving the Acadia in Midland

when the back window was blown out, and there was a bullet hole in the rear deck lid. Crume further testified that neither he, his wife, nor his daughter knew K.D.P., M.B., or Fields. In Count Three, the State alleged that the owner was George Fierro, President and CEO of YMCA of Midland. Fierro testified that glass was broken out of one of the YMCA vans used to transport patrons. Fierro testified that the police contacted him regarding the damage, and the YMCA had the van repaired. In Count Five, the State alleged that the owner was Jacob Carter. Carter testified that, on May 24, he was driving a Dodge pickup and that a car was tailgating him. He testified that, when he slowed down to make a turn, a person in the car shot out his window. Carter pulled over and called 911. Carter further testified that he knew M.B. from school. Carter was a senior when M.B. was a freshman. They were only acquaintances in school; Carter had never seen him outside of school. Carter testified that he did not know K.D.P. or Fields.

M.B. testified that, on the night of May 24, he, Fields, and K.D.P. were driving around "[s]hooting cars and being stupid." He testified that they were shooting cars that were traveling on the roadway. M.B. testified that he was charged with criminal mischief and that he pleaded true to the charge. Fields testified that he shot out the windows at Uncle's Convenience Store and the YMCA while M.B. was driving.

The evidence is sufficient to show that K.D.P. lacked the effective consent to damage or destroy personal property of the owners. Both Fields and M.B. admitted to shooting out the windows and never demonstrated that they were doing so with the owner's consent. Moreover, M.B. pleaded true to the charge. Further, the evidence established that neither the Crumes nor Carter knew K.D.P. The jury can assume that, because the complainants did not know K.D.P. and had no contact with her or the others prior to trial, they did not give their consent for her to destroy or damage their vehicles. *See Fearance v. State*, 771 S.W.2d 486, 511 (Tex. Crim. App. 1988) (fact that victim did not know perpetrator was sufficient to establish lack of effective consent). Further, the incidents of criminal mischief took place on the roadway at night while the van occupied by K.D.P. was moving. There is no evidence that the occupants of that van made any contact with the complainants. Therefore, the jury could assume that the complainants could not have given their consent in this situation. The evidence is sufficient to support the jury's finding of true on Counts One, Three, and Five.

Next, K.D.P. argues that the evidence was insufficient to show that the delinquent conduct alleged in Count One took place in Midland County. In criminal cases, venue need only be proven by a preponderance of the evidence. *Black v. State*, 645 S.W.2d 789, 790 (Tex. Crim.

4

App. 1983). Proof of venue can be demonstrated by either direct or circumstantial evidence. *Id*. When venue is made an issue in the trial court, failure to prove venue in the county alleged constitutes reversible error. *Williams v. State*, 924 S.W.2d 189, 191 (Tex. App.—Eastland 1996, pet. ref'd).

Here, K.D.P. moved for instructed verdict, arguing that the State did not prove venue in Count One of the petition. The trial court denied the directed verdict. Count One alleged that the criminal mischief took place in Midland County and that the owners of the damaged or destroyed property, a 2007 four-door GMC Acadia, were James and Karen Crume. K.D.P. argues that Crume did not provide any testimony that the criminal mischief took place in Midland County. We agree that Crume did not testify that the incident happened in Midland County. However, Officer Margarita Carrasco testified that she responded to a call from one of the complainants in this case. Officer Carrasco testified that the call came out in the area of Big Spring and Wadley, which is in Midland County. This is sufficient evidence to establish venue in this case. K.D.P.'s first issue is overruled.

In K.D.P.'s second issue, she argues that the trial court lacked the statutory authority to commit her to the Texas Youth Commission because of the lack of necessary proof to support the findings of true in Counts One, Three, and Five. K.D.P. asserts that the evidence establishes that, if anything, she was only guilty of the misdemeanor conduct alleged in Count Two. Based upon our discussion above that there was necessary proof to support the jury's findings of true in Counts One, Two, Three, and Five, we overrule K.D.P.'s second issue.

We affirm the order of the trial court.


JIM R. WRIGHT
CHIEF JUSTICE


December 16, 2010

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.