# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-20-00084-CR

---

**Adam James Edmond Demirs, Appellant**

**v.**

**The State of Texas, Appellee**

---

**FROM THE 27TH DISTRICT COURT OF BELL COUNTY**
**NO. 77399, THE HONORABLE JOHN GAUNTT, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

After reviewing evidence that the manager of a gas station saw Adam James Edmond Demirs damage one of her pumps, a jury convicted him of criminal mischief resulting in pecuniary loss of more than $2,500 but less than $30,000. *See* Tex. Penal Code § 28.03. As punishment, the district court sentenced Demirs to six months in state jail but suspended that sentence and placed Demirs on four years of community supervision. On appeal, Demirs challenges the sufficiency of the evidence to support the conviction, the instructions given to the jury, and the constitutional adequacy of counsel's assistance at trial. We will affirm.

## BACKGROUND

The facts underlying this dispute are largely uncontested. On April 4, 2017, Traci Matulik was at a gas station she manages when she heard a loud "bang." She looked up to see a man later identified as Demirs swinging one of the gas pump's nozzles into the face of the

gas pump. When she asked what he was doing, he explained that beating the gas pump made him "feel better." He then returned to his truck and drove away, with Matulik taking note of his license plate.

Demirs ultimately reimbursed Matulik $4,000 for the damage to the gas pump but pleaded not guilty to the count of criminal mischief resulting in pecuniary loss of more than $2,500 but less than $30,000. *See id.* § 28.03. A jury convicted him of the charge; the district court sentenced Demirs to six months in state jail but suspended that sentence and placed Demirs on four years of community supervision. Demirs timely perfected this appeal, raising five points of error.

## DISCUSSION

Demirs raises five overlapping points of error, challenging the legal sufficiency of the evidence to support findings of Demirs's mens rea and Matulik's lack of consent to Demirs's actions; complaining of the jury instructions in two discrete respects; and alleging ineffective assistance of counsel in that counsel failed to object to certain jury instructions.

*Sufficiency of the Evidence*

In his first two points of error, Demirs contends that the evidence of record is legally insufficient to support: 1) the requisite finding that he "intentionally" or "knowingly" caused damage to Matulik's gas pump; and 2) the requisite finding that he acted without Matulik's consent. Due process requires that the State prove, beyond a reasonable doubt, every element of the crime charged. *Jackson v. Virginia*, 443 U.S. 307, 313 (1979); *Lang v. State*, 561 S.W.3d 174, 179 (Tex. Crim. App. 2018). When reviewing the sufficiency of the evidence to support a conviction, we consider all the evidence in the light most favorable to the verdict to

2

determine whether, based on that evidence and the reasonable inferences therefrom, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Temple v. State*, 390 S.W.3d 341, 360 (Tex. Crim. App. 2013); *see also Johnson v. State*, 560 S.W.3d 224, 226 (Tex. Crim. App. 2018). In our sufficiency review, we consider all the evidence in the record, whether direct or circumstantial, properly or improperly admitted, or submitted by the prosecution or the defense. *Thompson v. State*, 408 S.W.3d 614, 627 (Tex. App.—Austin 2013, no pet.); *see also Jenkins v. State*, 493 S.W.3d 583, 599 (Tex. Crim. App. 2016); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). We assume that the trier of fact resolved conflicts in the testimony, weighed the evidence, and drew reasonable inferences in a manner that supports the verdict. *Jackson*, 443 U.S. at 318; *Laster v. State*, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009). We consider only whether the factfinder reached a rational decision. *Arroyo v. State*, 559 S.W.3d 484, 487 (Tex. Crim. App. 2018); *see also Morgan v. State*, 501 S.W.3d 84, 89 (Tex. Crim. App. 2016) (observing that reviewing court's role on appeal "is restricted to guarding against the rare occurrence when a fact finder does not act rationally" (quoting *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010))).

The trier of fact is the sole judge of the weight and credibility of the evidence. *See Zuniga v. State*, 551 S.W.3d 729, 733 (Tex. Crim. App. 2018); *Blea v. State*, 483 S.W.3d 29, 33 (Tex. Crim. App. 2016); *see also* Tex. Code Crim. Proc. art 36.13 (explaining that "the jury is the exclusive judge of the facts"). Thus, when performing our review, we may not re-evaluate the weight and credibility of the evidence or substitute our judgment for that of the factfinder. *Arroyo*, 559 S.W.3d at 487; *see also Montgomery v. State*, 369 S.W.3d 188, 192 (Tex. Crim. App. 2012). Instead, we must defer to the credibility and weight determinations of the

3

factfinder. *Cary v. State*, 507 S.W.3d 750, 757 (Tex. Crim. App. 2016); *Nowlin v. State*, 473 S.W.3d 312, 317 (Tex. Crim. App. 2015). When the record supports conflicting reasonable inferences, we presume that the factfinder resolved the conflicts in favor of the verdict, and we defer to that resolution. *Zuniga*, 551 S.W.3d at 733; *Cary*, 507 S.W.3d at 757. Ultimately, we must "determine whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict." *Murray v. State*, 457 S.W.3d 446, 448 (Tex. Crim. App. 2015) (quoting *Clayton*, 235 S.W.3d at 778); *accord Arroyo*, 559 S.W.3d at 487.

Because factfinders are permitted to have made reasonable inferences, "[i]t is not necessary that the evidence directly proves the defendant's guilt; circumstantial evidence is as probative as direct evidence in establishing the guilt of the actor, and circumstantial evidence alone can be sufficient to establish guilt." *Carrizales v. State*, 414 S.W.3d 737, 742 (Tex. Crim. App. 2013) (citing *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007)); *accord Johnson*, 560 S.W.3d at 226. The standard of review is the same for cases involving direct or circumstantial evidence. *Jenkins*, 493 S.W.3d at 599; *Nowlin*, 473 S.W.3d at 317.

The indictment in this case alleged that Demirs "did then and there intentionally and knowingly damage or destroy tangible property, to-wit: a gas pump, by striking it, without the effective consent of Traci Matulik, the owner of the property, and did thereby cause pecuniary loss of $2,500 or more but less than $30,000 to the owner." The State has the burden to prove beyond a reasonable doubt each element of the offense with which the defendant is charged, *see* Tex. Penal Code § 2.01, and with respect to criminal mischief, showing that the defendant's action was committed "intentionally" or "knowingly" and "without effective consent" are essential elements of the offense. *See Vantil v. State*, 884 S.W.2d 212, 214

4

(Tex. App.—Fort Worth 1994, no pet.); *accord Barstow v. State*, No. 03-10-00142-CR, 2011 WL 1642040, at *7 (Tex. App.—Austin Apr. 27, 2011, no pet.) (mem. op., not designated for publication).

Demirs first argues that the evidence is insufficient to prove that he acted "intentionally" or "knowingly" when he damaged the gas pump. We disagree. Matulik testified that Demirs conceded to damaging the gas pump because it made him "feel better" to do so. And when asked to describe the damage to the gas pump, Matulik responded, "The whole face of it, like, where you put your card in and the little reader and everything, it was all smashed up." She continued, "You couldn't read anything: [t]he glass was broke [and] everything was smashed in." Exhibits admitted at trial corroborate Matulik's account of the damage. For his part, Demirs testified that he began "swinging" the nozzle at the gas pump because it would not accept his credit card. While testifying, he referred to this action as a "lapse in judgment" and said he "realized he was doing something stupid" when Matulik confronted him. Thus, Demirs's alleged concessions, when paired with undisputed evidence of the extent of the damage, allow a reasonable juror to infer that Demirs's actions were taken "intentionally" or "knowingly." We overrule his first point of error.

Demirs next argues that the evidence is insufficient to prove that he acted without Matulik's effective consent. Again, we disagree. Matulik testified that she was on a ladder cleaning a gas pump when she heard a loud "bang." She initially ignored the sound and continued cleaning. When she heard the sound a second time, she "came out from around the pump and seen [sic] a customer with the hose in his hand, hitting, like, banging the nozzle up against the gas pump." She asked the customer, whom she later identified as Demirs, what he was doing and why. As Matulik recalled, Demirs explained, "Do you want to know why I'm

5

doing it? Because it fucking makes me feel better." She testified that Demirs then got in his vehicle and "drove off," while she made a note of the license plate, returned to the interior of the station, and called the police. Although the evidence of lack of consent is largely circumstantial, a reasonable juror could infer from Matulik's confrontation of Demirs, Demirs's description of what he was doing, the resulting damage to the pump, and Demirs's immediate departure from the gas station that Demirs had acted without consent. We overrule Demirs's second point of error.

*Jury Charge*

In his third and fourth points of error, Demirs argues that the district court erroneously instructed the jury by: 1) declining to instruct the jury on the lesser-included offense of reckless damage to property, and 2) denying Demirs's request that the court instruct the jury that criminal mischief is a "result of conduct" offense. A trial court is statutorily obligated to instruct the jury on the "law applicable to the case." *See* Tex. Code Crim. Proc. art. 36.14; *Mendez v. State*, 545 S.W.3d 548, 552 (Tex. Crim. App. 2018). This duty exists even when defense counsel fails to object to inclusions in or exclusions from the charge. *Mendez*, 545 S.W.3d at 552; *Vega v. State*, 394 S.W.3d 514, 519 (Tex. Crim. App. 2013). The trial court is "ultimately responsible for the accuracy of the jury charge and accompanying instructions." *Mendez*, 545 S.W.3d at 552 (quoting *Delgado v. State*, 235 S.W.3d 244, 249 (Tex. Crim. App. 2007)).

As a general matter, we review alleged jury-charge error in two steps: first, we determine whether error exists; if so, we then evaluate whether sufficient harm resulted from the error to require reversal. *Cortez v. State*, 469 S.W.3d 593, 598 (Tex. Crim. App. 2015); *Ngo*

6

*v. State*, 175 S.W.3d 738, 743–44 (Tex. Crim. App. 2005). The degree of harm required for reversal depends on whether the jury-charge error was preserved in the trial court. *Mendez*, 545 S.W.3d at 552; *see Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g) (setting forth procedure for appellate review of claim of jury-charge error). If the jury-charge error has not been properly preserved by an objection or request for instruction, *see* Tex. Code Crim. Proc. arts. 36.14, 36.15, reversal is required only if the appellant suffered "egregious harm," "which occurs when the error created such harm that the appellant was deprived of a fair and impartial trial." *Chambers v. State*, 580 S.W.3d 149, 154 (Tex. Crim. App. 2019); *see also Almanza*, 686 S.W.2d at 171.

In his third point of error, Demirs contends the district court erred by declining to instruct the jury on the lesser-included offense of reckless damage to property. Whether a defendant is entitled to a jury instruction on a lesser-included offense involves a two-step analysis. *Rice v. State*, 333 S.W.3d 140, 144 (Tex. Crim. App. 2011). The first step of the lesser-included-offense analysis considers "whether the lesser-included offense is included within the proof necessary to establish the offense charged." *Id*. (citing *Hall v. State*, 225 S.W.3d 524, 536 (Tex. Crim. App. 2007)); *see also* Tex. Code Crim. Proc. art. 37.09(1) ("An offense is a lesser included offense if: (1) it is established by proof of the same or less than all the facts required to establish the commission of the offense charged[.]"). This is a question of law, and its resolution does not depend on the evidence produced at trial. *See Rice*, 333 S.W.3d at 144. The second step of the lesser-included-offense analysis is to determine whether there is some evidence in the record that would permit a jury to rationally find that, if the defendant is guilty, he is guilty only of the lesser-included offense. *Id*. at 145.

7

In conducting the first step of the analysis, we "compare the elements of the greater offense as pled to the statutory elements of the potential lesser-included offense in the abstract." *See Ex parte Castillo*, 469 S.W.3d 165, 169 (Tex. Crim. App. 2015) (citing *Hall*, 225 S.W.3d at 531, 535). "[W]hen the greater offense may be committed in more than one manner, the manner alleged will determine the availability of lesser-included offenses." *Hall*, 225 S.W.3d at 531. "An offense is a lesser-included offense of another offense . . . if the indictment for the greater-inclusive offense either: (1) alleges all of the elements of the lesser-included offense, or (2) alleges elements plus facts (including descriptive averments, such as non-statutory manner and means, that are alleged for purposes of providing notice) from which all of the elements of the lesser-included offense may be deduced." *Ex parte Watson*, 306 S.W.3d 259, 273 (Tex. Crim. App. 2009) (op. on reh'g) (per curiam). "[T]he elements of the lesser-included offense do not have to be pleaded in the indictment if they can be deduced from facts alleged in the indictment." *State v. Meru*, 414 S.W.3d 159, 162 (Tex. Crim. App. 2013).

In this case, Demirs asks us to deem reckless damage to property a lesser-included offense to his charge. A person commits reckless damage to property "if, without the effective consent of the owner, he recklessly damages or destroys property of the owner." Tex. Penal Code § 28.04. Such offense is a class C misdemeanor. *See id*. The indictment, meanwhile, alleged that Demirs "did then and there intentionally and knowingly damage or destroy tangible property, to-wit: a gas pump, by striking it, without the effective consent of Traci Matulik, the owner of the property, and did thereby cause pecuniary loss of $2,500 or more but less than $30,000 to the owner." Thus, because the offense as charged includes every element of reckless damage to property, differing in only mens rea and the resulting loss, we agree with Demirs that

8

reckless damage to property is a lesser-included offense. *See Moore v. State*, 836 S.W.2d 255, 260 (Tex. App.—Texarkana 1992, pet. ref'd) ("Reckless damage or destruction is a lesser included offense of criminal mischief because it differs from criminal mischief only in that it requires a less culpable mental state.").

Turning to step two of the analysis, based on the evidence adduced at trial, we cannot agree with Demirs that he was entitled to a lesser-included-offense instruction because the record does not demonstrate that, if Demirs is guilty, he is guilty only of recklessly damaging property. Undisputed aspects of the record reveal that Demirs intentionally and repeatedly struck the gas pump with the nozzle, rendering the pump useless and causing approximately $4,000 in pecuniary loss. Accordingly, no rational juror, if instructed on both charges, could conclude that Demirs had committed reckless damage to property but not criminal mischief in the amount of $2,500 to $30,000. We therefore overrule Demirs's third point of error.

In his fourth point of error, Demirs argues:

> The court instructed the jury that a person acts intentionally, or with intent, with respect to the nature of his conduct or to a result of his conduct "when it is his conscious objective or desire to engage in the conduct or cause the result." It did not instruct the jury that criminal mischief is a "result of conduct" offense and that, in order to convict Demirs, the jury had to find beyond a reasonable doubt that he *intended to cause the damage* rather than intended to hit the gas pump with the nozzle.

(Emphasis added). Demirs provides no authority for his proposition that criminal mischief is a "result of conduct" offense—his only passing reference is to the Court of Criminal Appeals's review of a conviction for indecency with a child. *See generally Pizzo v. State*, 235 S.W.3d 711 (Tex. Crim. App. 2007). Regardless, the district court provided the jury with the following definitions and instructions:

9

A person acts intentionally, or with intent, with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective desire to engage in the conduct or cause the result. . . . A person acts knowingly, or with knowledge, with respect to the nature of his conduct or the circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist. A person acts knowingly, or with knowledge with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result.

. . .

Now bearing in mind the foregoing instructions, if you believe from the evidence beyond a reasonable doubt, that the Defendant, Adam James Edmond Demirs, on or about the 4th day of April, 2017. in the County of Bell, State of Texas, as alleged in the indictment did then and there intentionally and knowingly damage and destroy tangible property, to-wit: a gas pump, by striking it, without the effective consent of Traci Matulik, the owner of the property, and did thereby cause pecuniary loss in the amount of more than $2,500.00 and less than $30,000.00 to the owner, you will find the defendant guilty of the offense of Criminal Mischief . . . .

This charge is consistent with the definitions and offense as set forth in the Penal Code. *See* Tex. Penal Code §§ 6.03, 28.03. Moreover, where the Court of Criminal Appeals has not categorized an offense, a trial court does not err by including the statutory definitions of both "intentionally" and "knowingly." *Baker v. State*, 94 S.W.3d 684, 691 (Tex. App.—Eastland 2002, no pet.); *see also Murray v. State*, 804 S.W.2d 279, 281 (Tex. App.—Fort Worth 1991, pet. ref'd) ("[W]hen an offense is not clearly categorized as either a 'result' or a 'nature of the conduct' type offense, with respect to the intent and knowledge required . . . the trial court may submit statutory definitions of 'intentional' and 'knowingly' because both definitions allow the jury to consider the nature of the offender's conduct or the results of his conduct."); *accord Saldivar v. State*, 783 S.W.2d 265, 267–68 (Tex. App.—Corpus Christi–Edinburg 1989, no pet.). a binding court has not definitively determined whether the offense of criminal mischief is nature based or

results based, the district court did not err by including the definitions of "intentionally" and "knowingly" here. We overrule Demirs's fourth point of error.

*Assistance of Counsel*

In his fifth and final point of error, Demirs complains of ineffective assistance of counsel in that his attorney "did not object to the charge that failed to instruct the jury that criminal mischief is a 'result of conduct' offense and to the erroneous argument that the culpable mental states apply to the conduct rather than to the result." To establish ineffective assistance of counsel, an appellant must demonstrate by a preponderance of the evidence both deficient performance by counsel and prejudice suffered by the defendant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Miller v. State*, 548 S.W.3d 497, 499 (Tex. Crim. App. 2018). The appellant must first demonstrate that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms. *Strickland*, 466 U.S. at 687–88; *Ex parte Scott*, 541 S.W.3d 104, 115 (Tex. Crim. App. 2017). The appellant must then show the existence of a reasonable probability—one sufficient to undermine confidence in the outcome—that the result of the proceeding would have been different absent counsel's deficient performance. *Strickland*, 466 U.S. at 694; *Burch v. State*, 541 S.W.3d 816, 820 (Tex. Crim. App. 2017). "Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim." *Strickland*, 466 U.S. at 700; *accord Perez v. State*, 310 S.W.3d 890, 893 (Tex. Crim. App. 2010).

Appellate review of counsel's representation is highly deferential: we must "indulge in a strong presumption that counsel's conduct was *not* deficient." *Nava v. State*, 415 S.W.3d 289, 307–08 (Tex. Crim. App. 2013) (emphasis in original); *see also Strickland*,

466 U.S. at 689. To rebut that presumption, a claim of ineffective assistance must be "firmly founded in the record," and "the record must affirmatively demonstrate" the meritorious nature of the claim. *Menefield v. State*, 363 S.W.3d 591, 592 (Tex. Crim. App. 2012); *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). Rarely will the trial record by itself be sufficient to demonstrate an ineffective-assistance claim. *Nava*, 415 S.W.3d at 308; *see also Prine v. State*, 537 S.W.3d 113, 117 (Tex. Crim. App. 2017) (observing that record on direct appeal "is generally insufficient to show that counsel's performance was deficient"). If trial counsel has not been afforded the opportunity to explain the reasons for his conduct, we will not find him to be deficient unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Nava*, 415 S.W.3d at 308 (quoting *Menefield*, 363 S.W.3d at 593); *Goodspeed*, 187 S.W.3d at 392.

As we have already explained, Demirs provides no authority for the proposition that criminal mischief is a "result of conduct" offense, nor that a jury must be so instructed. "Trial counsel is not ineffective for failing to make futile objections or request instructions that are not required." *Peek v. State*, 494 S.W.3d 156, 164 (Tex. App.—Eastland 2015, pet. ref'd). As a consequence, and indulging every presumption in counsel's favor, *see Nava*, 415 S.W.3d at 307–08, we cannot conclude that counsel's decision not to request the instruction was unreasonable or otherwise deficient. We therefore overrule Demirs's fifth point of error.

**CONCLUSION**

Having overruled each of Demirs's points of error, we affirm the judgment of conviction.

_____

                Edward Smith, Justice

Before Justices Goodwin, Kelly, and Smith

Affirmed

Filed:   January 26, 2022

Do Not Publish