Perez 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00695-CR







Guadalupe Perez, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT


NO. 0945005, HONORABLE MIKE LYNCH, JUDGE PRESIDING







 Appellant, Guadalupe Perez, waived his right to a jury trial and was tried before
a judge who convicted him of burglary of a habitation and sentenced him to fifteen years in
prison. On appeal, Perez contends that the evidence was insufficient to prove beyond a reasonable
doubt that he entered the habitation without the effective consent of the owner. See Tex. Penal
Code Ann. art. 30.02(a) (West 1994). We will affirm the trial court's judgment of conviction.

 Perez entered the home of Julia Corter at 2:00 a.m. and, finding her asleep next
to Patrick Miller, awoke both Corter and Miller and began assaulting Miller and screaming
obscenities at Corter. Perez left Corter's home and returned a few moments later wielding a
knife. After a struggle during which Perez stabbed Miller, Miller called the police. In his single
point of error, appellant argues that there was insufficient evidence for a factfinder to believe
beyond a reasonable doubt that appellant entered Corter's habitation without the effective consent
of the owner. In response, the State initially submits that appellant presents nothing for review
because the point of error fails to substantially comply with Rule 74 of the Texas Rules of
Appellate Procedure. Rule 74 specifically mandates that an argument in a brief supporting a point
of error "shall include . . . [a] discussion of the facts and the authorities relied upon as may be
requisite to maintain the point at issue." Tex. R. App. P. 74(f). In this case, appellant cites no
authority other than article 30.02 of the Texas Penal Code. He states conclusively that the
evidence was insufficient to prove beyond a reasonable doubt that he entered the habitation
without the effective consent of the owner. 

 We agree with the State that appellant's brief does not acquaint this Court with the
"points relied upon . . . together with such argument of facts and law as will enable the court to
decide" the issue. See Tex. R. App. P. 74(p). In the interest of justice, however, we review
appellant's claim on the merits. Appellant does not clearly state whether his point of error
concerns the factual or the legal sufficiency of the evidence. For purposes of this appeal, we will
assume that he raised both types of sufficiency claims. 

 In determining whether the evidence is legally sufficient to support the conviction,
we will consider the evidence in light most favorable to the trial court's judgment and, after
viewing the evidence, we will determine whether any rational trier of fact could have found
beyond a reasonable doubt the essential elements of the crime charged. Jackson v. Virginia, 443
U.S. 307, 319 n.12 (1979); Valdez v. State, 776 S.W.2d 162, 165 (Tex. Crim. App. 1989), cert.
denied, 495 U.S. 963 (1990); Bonham v. State, 680 S.W.2d 815, 819 (Tex. Crim. App. 1984),
cert. denied, 474 U.S. 865 (1985); Knabe v. State, 836 S.W.2d 837, 838 (Tex. App.--Fort Worth
1992, pet. ref'd).

 Applying this standard of review, there can be no question that the evidence is
legally sufficient to support the conviction. Appellant argues that the evidence did not sufficiently
establish that appellant entered Corter's duplex without effective consent. The evidence shows
that appellant entered Corter's home on two separate occasions. First he broke into the duplex
at 2:00 a.m., woke Corter and Miller, and assaulted Miller. He then left the duplex only to return
moments later with a knife which he used to stab Miller. Corter testified that she rented the
duplex and lawfully possessed it. She further testified that appellant did not have her permission
to enter the duplex and that there were signs of forced entry on the front door. Appellant's claim
that Corter's son let him into the apartment was not corroborated by any testimony from the son,
and the factfinder was entitled to disbelieve appellant's testimony standing on its own. The trier
of fact is the sole judge of the weight and the credibility of the witnesses; it can choose to believe
or not to believe all of any part of the testimony of the witnesses. Williams v. State, 692 S.W.2d
671, 676 (Tex. Crim. App. 1986), cert. denied, 488 U.S. 872 (1988). We believe that a rational
factfinder could have concluded beyond a reasonable doubt that appellant entered Corter's home
without Corter's effective consent, and we therefore find that the evidence was legally sufficient
on this issue. 

 When conducting a factual-sufficiency review, we view all the evidence equally,
including the testimony of defense witnesses and the existence of alternate hypotheses. We do not
view the evidence in the light most favorable to the prosecution as in legal-sufficiency review. 
We should set aside the verdict only if it is so contrary to the overwhelming weight of the
evidence as to be clearly wrong and unjust. Stone v. State, 823 S.W.2d 375, 381 (Tex.
App.--Austin 1992, pet. ref'd untimely filed); see Cain v. Bain, 709 S.W.2d 175, 176 (Tex. 1986);
In re King's Estate, 244 S.W.2d 660, 661 (Tex. 1951). After reviewing all of the testimony,
including the testimony already described in this opinion, we hold that the trial court's judgment
was not so contrary to the overwhelming weight of evidence as to be clearly wrong and unjust,
and we therefore find the evidence factually sufficient. Appellant's single point of error is
overruled.

 The judgment of the trial court is affirmed.



 

 Bea Ann Smith, Justice

Before Chief Justice Carroll, Justices Jones and B. A. Smith

Affirmed

Filed: December 20, 1995

Do Not Publish



 appellant cites no
authority other than article 30.02 of the Texas Penal Code. He states conclusively that the
evidence was insufficient to prove beyond a reasonable doubt that he entered the habitation
without the effective consent of the owner. 

 We agree with the State that appellant's brief does not acquaint this Court with the
"points relied upon . . . together with such argument of facts and law as will enable the court to
decide" the issue. See Tex. R. App. P. 74(p). In the interest of justice, however, we review
appellant's claim on the merits. Appellant does not clearly state whether his point of error
concerns the factual or the legal sufficiency of the evidence. For purposes of this appeal, we will
assume that he raised both types of sufficiency claims. 

 In determining whether the evidence is legally sufficient to support the conviction,
we will consider the evidence in light most favorable to the trial court's judgment and, after
viewing the evidence, we will determine whether any rational trier of fact could have found
beyond a reasonable doubt the essential elements of the crime charged. Jackson v. Virginia, 443
U.S. 307, 319 n.12 (1979); Valdez v. State, 776 S.W.2d 162, 165 (Tex. Crim. App. 1989), cert.
denied, 495 U.S. 963 (1990); Bonham v. State, 680 S.W.2d 815, 819 (Tex. Crim. App. 1984),
cert. denied, 474 U.S. 865 (1985); Knabe v. State, 836 S.W.2d 837, 838 (Tex. App.--Fort Worth
1992, pet. ref'd).

 Applying this standard of review, there can be no