Ferrow 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00334-CR







James David Ferrow, Jr., Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT


NO. 44,381, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING








 Appellant was charged with possession of more than twenty-eight grams of cocaine
with intent to deliver. See Tex. Health & Safety Code Ann. § 481.112(d) (West Supp. 1996). (1) 
A jury found him guilty as a party to the offense, and after appellant pled "true" to the
enhancement allegation in the indictment the trial court sentenced him to forty years'
imprisonment in the state penitentiary. See Tex. Penal Code Ann. §§ 7.02(a)(2); 12.42(c) (West
1994). On appeal, appellant challenges the legal and factual sufficiency of the evidence
supporting the conviction. Because we hold that there was both legally and factually sufficient
evidence for the jury to find appellant guilty as charged, we will affirm the judgment of
conviction.

Background


 The State presented evidence that in March 1994, Temple Police Officers Ashe,
Simeroth and Tobin were working bicycle patrol in east Temple neighborhoods. While riding
down a street at about 11:30 p.m., the officers observed appellant sitting on the trunk of a car
parked in a driveway. Appellant, facing away from the officers, was watching a car stopped at
a nearby street corner with people gathered around it. Apparently unaware of the approaching
officers, appellant turned towards the driver's door of the car he was sitting on and shouted: "Yo
man, customers." Desmond Wilkinson, sitting in the driver's seat, yelled back, "I got the dope
right here." Officer Ashe, leading the patrol about half a house-length away from the parked car,
heard the entire exchange.

 Suspecting an attempted drug deal in the making, the officers detained the men and
searched the area. Under the seat they found a baggie holding just over one hundred small
"rocks" of what proved to be cocaine; the cocaine weighed 28.64 grams. The officers found
money on the trunk, in the car, on appellant, and on the ground near the trunk and driver's seat. 
The money at the scene totalled $2,230.72. The officers did not see Ferrow sell any cocaine or
receive money.

 Officer Ashe testified that based on his five years of police work, individuals who
possessed cocaine for their own personal use rarely held more than one or two rocks at a time,
because they smoke it so quickly. Ashe also testified that the officers did not find a pipe on
appellant and that he did not notice any smell associated with burning cocaine at the scene.

 According to evidence presented by appellant, Ronald Doby spent the day
preceding the arrest with appellant at Fort Hood. Doby testified he dropped appellant off in
Temple shortly before midnight, at a house one block from the scene of arrest. Curtis Collins,
who lived at the house, testified that he saw appellant leave right around midnight. 



Discussion and Holdings


 The trial court's charge instructed the jury on the law of parties, and appellant was
convicted as a party to the offense. (2) Thus the jury must have found that appellant, with intent to
promote or assist the commission of the offense, solicited, encouraged, directed, aided, or
attempted to aid Wilkinson in committing the offense. See Tex. Penal Code Ann. § 7.02(a)(2)
(West 1994). 

 The jury, as trier of fact, is the judge of the credibility of the witnesses and the
weight to be given their testimony. Tex. Code Crim. Proc. Ann. art. 38.04 (West 1979). The
jury is entitled to accept or reject all or any part of the testimony by the witnesses for the State
or the accused. Beardsley v. State, 738 S.W.2d 681, 684 (Tex. Crim. App. 1983); Sharp v.
State, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986), cert. denied, 488 U.S. 872 (1988). 
Reconciliation of evidentiary conflicts is solely a function of the trier of fact. Bowden v. State,
628 S.W.2d 782, 784 (Tex. Crim. App. 1982); Miranda v. State, 813 S.W.2d 724, 733-34 (Tex.
App.--San Antonio 1991, pet. ref'd).

 Appellant argues in his first point of error that the evidence is legally insufficient
to support his conviction. In ruling on this claim, we will consider the evidence in the light most
favorable to the jury's verdict and, after so viewing the evidence, we will determine whether any
rational trier of fact could have found beyond a reasonable doubt the essential elements of the
crime charged. Jackson v. Virginia, 443 U.S. 307, 319 n.12 (1979); Valdez v. State, 776 S.W.2d
162, 165 (Tex. Crim. App. 1989), cert. denied, 495 U.S. 963 (1990); Bonham v. State, 680
S.W.2d 815, 819 (Tex. Crim. App. 1984), cert. denied, 474 U.S. 865 (1985); Knabe v. State,
836 S.W.2d 837, 838 (Tex. App.--Fort Worth 1992, pet. ref'd). This standard of review applies
in both direct and circumstantial evidence cases. Herndon v. State, 787 S.W.2d 408, 409 (Tex.
Crim. App. 1990); Christian v. State, 686 S.W.2d 930, 934 (Tex. Crim. App. 1985). 

 Applying this standard of review, there was sufficient evidence for the jury to find
beyond a reasonable doubt that appellant intended to assist Wilkinson in selling the cocaine by
looking out for potential customers. Appellant was stationed on the trunk of the car, and alerted
Wilkinson that customers were coming. Based on the amount of cocaine and cash found at the
scene, the jury could certainly conclude that when appellant yelled, "Yo man, customers," he
meant customers who wanted to buy cocaine from Wilkinson. We overrule appellant's first point
of error.

 In his second point of error, appellant challenges the factual sufficiency of the
evidence supporting his conviction. Courts of appeals have the power to make a factual review
of the sufficiency of the evidence relative to proof of the elements of the criminal offense. Stone
v. State, 823 S.W.2d 375, 379 (Tex. App.--Austin 1992, pet. ref'd). In ruling on a factual
sufficiency claim, the court is not bound to review the evidence most favorably to the prosecution,
and may consider the testimony of defense witnesses and the existence of alternative hypotheses. 
The appellate court should set aside the verdict only if the verdict is so contrary to the
overwhelming weight of the evidence as to be clearly wrong and unjust. Id. at 381. 

 Appellant relies on White v. State, 890 S.W.2d 131, 139 (Tex. App.--Texarkana
1994, no writ) for his contention that the evidence was factually insufficient to link him to the
cocaine. In that case, White was charged with possession with intent to deliver cocaine. Officers
found cocaine in a tackle box, which was sitting in a boat on a vacant lot next to White's house. 
Id. at 133-34. Because White did not physically possess the cocaine, and because he was not in
exclusive control of the place where it was found, the State was required to establish affirmative
links between White and the cocaine. Id. at 139. The court determined that the evidence revealed
no independent facts or circumstances linking White to the contraband, and that no other
incriminating circumstances connected him to it. Thus the court concluded that "the jury's finding
that White had care, custody and control of the cocaine found in the vacant lot [was] so against
the great weight and preponderance of the evidence as to be manifestly unjust." Id. 

 Appellant attempts to analogize his case to White's, claiming that his exclamation
that there were customers was not sufficient evidence to connect him to the cocaine. Fatal to
appellant's argument is the distinction that, while White was charged as a principal to the offense,
appellant was charged as a party. Thus the State was not required to prove that appellant
exercised care, custody, or control over the cocaine. It was instead required to prove that
appellant, with intent to promote or assist the commission of the offense, solicited, encouraged,
directed, aided, or attempted to aid Wilkinson in committing the offense. See Tex. Penal Code
Ann. § 7.02(a)(2) (West 1994). 

 We do not believe the jury's verdict is so contrary to the overwhelming weight of
the evidence as to be clearly wrong and unjust. The jury as fact-finder was entitled to draw
reasonable inferences and reasonable deductions from the evidence. Benavides v. State, 763
S.W.2d 587, 588-89 (Tex. App.--Corpus Christi 1988, pet. ref'd). The jury could infer from the
evidence that appellant intended to assist Wilkinson in the sale of cocaine by looking out for
approaching customers. Our review of the record reveals no evidence that meaningfully
challenges such an inference. Regarding the time discrepancy between the officers' arrival on the
scene and appellant's return to Temple, this was a fact dispute whose resolution was in the sole
province of the jury. Bowden, 628 S.W.2d at 784. The discrepancy does not rise to the level of
evidence suggesting that the verdict is wrong or unjust. We overrule appellant's second point of
error.

 Having overruled both of appellant's points of error, we affirm the judgment of
conviction.


 Bea Ann Smith, Justice

Before Chief Justice Carroll, Justices Jones and B. A. Smith

Affirmed

Filed: January 31, 1996

Do Not Publish
1. This offense took place in 1994, and is governed by the law in effect at that time. 
Because subsequent amendments to the Health and Safety Code and Penal Code have no
substantive effect on this offense, the current codes are cited for the sake of convenience. 
Penal Code, 73d Leg., R.S., ch. 900, § 1.18, 1993 Tex. Gen. Laws 3586, 3705. 
2. The page of the jury charge which included the law of parties instruction was omitted
from the transcript. The burden is on the appellant to see that a sufficient record is presented
to the reviewing court. See Tex. R. App. P. 50(d). At trial the court read the charge aloud to
the jury, and the reading was transcribed into the statement of facts. We will assume for
purposes of our analysis that the statement of facts accurately reflects the charge submitted to
the jury. 



--Austin 1992, pet. ref'd). In ruling on a factual
sufficiency claim, the court is not bound to review the evidence most favorably to the prosecution,
and may consider the testimony of defense witnesses and the existence of alternative hypotheses. 
The appellate court should set aside the verdict only if the verdict is so contrary to the
overwhelming weight of the evidence as to be clearly wrong and unjust. Id. at 381. 

 Appellant relies on White v. State, 890 S.W.2d 131, 139 (Tex. App.--Texarkana
1994, no writ) for his contention that the evidence was factually insufficient to link him to the
cocaine. In that case, White was charged with possession with intent to deliver cocaine. Officers
found cocaine in a tackle box, which was sitting in a boat on a vacant lot next to White's house. 
Id. at 133-34. Because White did not physically possess the cocaine, and because he was not in
exclusive control of the place where it was found, the State was required to establish affirmative
links between White and the cocaine. Id. at 139. The court determined that the evidence revealed
no independent facts or circumstances linking White to the contraband, and that no other
incriminating circumstances connected him to it. Thus the court concluded that "the jury's finding
that White had care, custody and control of the cocaine found in the vacant lot [was] so against
the great weight and preponderance of the evidence as to be manifestly unjust." Id. 

 Appellant attempts to analogize his case to White