HOUSER V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-109-CR

KEITH O’BRIAN HOUSER APPELLANT

A/K/A KEITH O. HOUSER

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Keith O’Brian Houser a/k/a Keith O. Houser pled not guilty to aggravated sexual assault of a child under fourteen years of age.  A jury found him guilty and sentenced him to fifty years’ imprisonment.  We affirm.

In his sole issue on appeal, Appellant contends that the evidence was factually insufficient to prove that he committed aggravated sexual assault; more specifically, Appellant claims the evidence is not factually sufficient to support the element of penetration.  A person commits aggravated sexual assault of a child if he intentionally or knowingly causes the penetration of the child’s sexual organ by any means and the child is younger than fourteen years of age.  
Tex. Penal Code Ann.
 §§ 22.021(a)(1)(B)(i), 2(B) (Vernon 2003). 

In reviewing the factual sufficiency of the evidence to support a conviction, we are to view all the evidence in a neutral light, favoring neither party. 
 Johnson v. State
, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); 
Clewis v. State
, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996).  In our review, we consider the most important evidence that the appellant claims undermines the jury’s verdict.  
Sims v. State,
 No. 1328-1, slip op. at 1-2, 2003 WL 1060179, at *1 (Tex. Crim. App. Mar. 12, 2003).  Evidence is factually insufficient if it is so weak as to be clearly wrong and manifestly unjust or the adverse finding is against the great weight and preponderance of the available evidence.  
Johnson
, 23 S.W.3d at 11.  Therefore, we must determine whether a neutral review of all the evidence, both for and against the finding, demonstrates that the proof of guilt is so obviously weak as to undermine confidence in the verdict, or the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof.  
Id.
  In performing this review, we are to give due deference to the fact finder’s determinations.  
Id.
 at 8-9; 
Clewis,
 922 S.W.2d at 136.  Consequently, we may find the evidence factually insufficient only where necessary to prevent manifest injustice.  
Johnson
, 23 S.W.3d at 9, 12; 
Cain v. State
, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).
   

The jury is free to accept or reject any or all of the evidence of either party and any or all of the testimony of any witness, even if the evidence is uncontradicted.  
Wilkerson v. State
, 881 S.W.2d 321, 324 (Tex. Crim. App.), 
cert. denied
, 513 U.S. 1060 (1994); 
Adelman v. State
, 828 S.W.2d 418, 421 (Tex. Crim. App. 1992).  
“The testimony of a victim[,] standing alone, even when the victim is a child, is sufficient to support a conviction for sexual assault.”  
Ruiz v. State,
 891 S.W.2d 302, 304 (Tex. App.—San Antonio 1994, pet. ref'd) (citing 
Villalon v. State,
 791 S.W.2d 130, 134 (Tex. Crim. App. 1990)).  A conviction for sexual assault may be affirmed absent any medical evidence and solely on the testimony of the victim.  
See Rodriguez v. State,
 819 S.W.2d 871, 873-74 (Tex. Crim. App. 1991);
 Ruiz,
 891 S.W.2d at 304; 
Knabe v. State,
 836 S.W.2d 837, 839 (Tex. App.—Fort Worth 1992, pet. ref'd).

The evidence presented against Appellant consisted of a written statement in which he admitted that he sexually assaulted C.A., the daughter of his live-in girlfriend.  When the abuse began, C.A. was between the ages of nine or ten.  In the statement, Appellant admitted that he had “touched [C.A.’s] vargine [sic] twice, with some cream ointment for the urge of sexly [sic] desires.”  Detective R.J. Zomper, who took Appellant’s confession, testified that Appellant did not say in his statement that he had penetrated C.A.’s sexual organ.

At trial, C.A. described the assaults that began in 1999.  C.A. said that Appellant rubbed lotion over her “privates . . . and [her] butt ” to help her skin look pretty.  When asked to describe the motions Appellant used in touching her privates and her butt, in addition to “back and forth,” C.A. said, “Up and down.  Up and down.”  C.A. further testified as follows:

Q. Was there another time when [Appellant] touched you in a different type of way? 

A. Yes.

Q. Tell the jury about that.

A. There was a time when he told me to lay on the bed and spread out my legs, and he inserted his finger a little bit inside of me.

. . . .

Q. Was this time -- what made this time different than the other time?

. . . .

A. Because I felt like I didn’t need it there, and I felt like why should I -- because it’s not going to show and it --

Q. Where?

A. On my vagina, inside.

Q. Did something -- did it -- did that occasion cause you some discomfort?

A. Yes.

Q. Describe the discomfort to the jury.

A. It hurt me.  It -- it didn’t seem like it was right, and it made me feel like I was losing something.

Q. Losing what?

A. Like, I don’t know.  Like, I can’t -- like, if you were to lose your virginity or something.  It sort of felt like that.

C.A. said that Appellant’s actions on this occasion hurt her, that she said “ouch,” and he told her “to go put some hot water on it . . . to get a towel and put hot water [on it], and like sit in the rest room and hold the towel over it.”  C.A. testified that one morning, to keep Appellant from abusing her again, she took a notepad and wrote on it “no trespassing” or “don’t touch me again or I’ll call the police,” and placed it on top of her while she was lying down.  When Appellant entered the room, he read the sign, turned around, and left.

Here, Appellant claims C.A.’s inconsistent pretrial statements to a nurse and to a CPS worker are the most important evidence supporting his factual insufficiency claim.  Sheryl Anderson, a CPS worker, interviewed C.A. on videotape twice.  During the interviews, C.A. did not tell Anderson that Appellant had put anything inside of her.  C.A. testified:

Q. And on those videotapes, you didn’t volunteer that [Appellant] had put anything in you, did you?

A. No, I didn’t.

. . . .

Q. And you were truthful and honest, weren’t you?

A. Yes.

Q. Now, you met with Ms. Anderson the next day too, didn’t you?

A. Yes, I did.

Q. And you were -- you didn’t volunteer to her at that meeting about [Appellant] placing or putting anything in you, did you?

A. No, she didn’t ask.

C.A. testified that she did not tell the truth to Anderson when she talked to her the first time because she was afraid that she would be taken away from her mother or that Appellant would hurt her.

Areceli Demaris, a registered nurse who works as a sexual assault examiner, testified for the State.  Demaris performed a sexual assault examination on C.A., which showed no evidence of scars or abrasions, and also interviewed C.A. alone.  Demaris testified that she did not indicate anywhere in her examination notes that C.A. had reported that Appellant had penetrated her, and that C.A. had told her that Appellant had rubbed her sexual organ, but not that he had penetrated her.  Demaris testified about her report as follows:

Q. Now, on the right-hand side there, there’s a box, isn’t there?

A. Yes.

Q. And it’s the top of that box that says, Acts Described by Patient, doesn’t it?

A. Yes.

Q. And it has the phrase vaginal contact up there?

A. Yes.

Q. And there’s boxes you can check yes, no, or unknown; is that correct?

A. Yes.

. . . .

Q. [C.A.] said that [Appellant] did not touch her with his penis, his finger, or hands, a foreign object; is that correct?

A. The way we ask those questions is:  Did he put his penis inside, did he put his finger inside.  

Q. Let me stop you right there.  So you ask the question:  Did he put his finger inside you; is that correct?

A. Yes.

Q. And the answer was no, wasn’t it?

A. Yes.  

Demaris also testified that she believed C.A. was truthful and had given a truthful history.

In the case before us, we have made a complete and detailed examination of all the relevant evidence and have determined the evidence is factually sufficient and that manifest injustice has not occurred.  
Even though no physical evidence existed as to the abuse and C.A. initially denied to the nurse and CPS worker that penetration had occurred, the jury was free to believe her testimony at trial that Appellant had penetrated her sexual organ with his finger.  
See Wilkerson, 
881 S.W.2d at 324; 
Rodriguez, 
819 S.W.2d at 873-74; 
Ruiz,
 891 S.W.2d at 304.  We therefore defer to the fact finder’s decision.  
See Johnson,
 23 S.W.3d at 9, 12.

We overrule Appellant’s issue and affirm the trial court’s judgment.

PER CURIAM

PANEL F: HOLMAN, GARDNER, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED: April 3, 2003

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.