IN THE MATTER OF E.H.

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-275-CV

IN THE MATTER OF E.H.

------------

FROM THE COUNTY COURT OF YOUNG COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

A jury convicted Appellant E.H., a juvenile, of two counts of assault, and the trial court ordered him committed to the Texas Youth Commission for a period of not less than nine months and not more than twenty-four months.  In a sole issue, E.H. claims in his original brief that the evidence is “insufficient” to prove that one of the offenses occurred in Garza County.  We will construe E.H.’s issue as a challenge to the legal sufficiency of the evidence.
(footnote: 2) 

The State’s adjudication petition, filed in Young County, alleged that “on or about the 7th day of March, 2005, 
in Young County
,
 Texas
, [E.H.] did then and there intentionally, or recklessly cause bodily injury to [another] by hitting [him] in the face and arm with [E.H.’s] fist[s]” and that “on or about the 28th day of March, 2005,
 in Garza County
,
 Texas
, [E.H.] did then and there intentionally, or recklessly cause bodily injury to [another], by hitting [him] in the back of the head with [E.H.’s] fist[s].”  [Emphasis added.]  Young County authorities agreed to accept the Garza County case, and it was transferred to Young County.
(footnote: 3) 

When juvenile appellants complain that the evidence is legally insufficient to support an adjudication of delinquency, we apply the criminal standard of review, which is more stringent than the “no evidence” standard applicable in civil cases.  
In re J.D.P.
, 85 S.W.3d 420, 422 (Tex. App.—Fort Worth 2002, no pet.).  
The evidence is sufficient to establish venue if, from the evidence, the trier of fact may reasonably conclude that the offense was committed in the county alleged.  
Rippee v. State
, 384 S.W.2d 717, 718 (Tex. Crim. App. 1964); 
Knabe v. State
, 836 S.W.2d 837, 839 (Tex. App.—Fort Worth 1992, pet. ref’d). 
 When deciding the issue of venue, the trier of fact may make reasonable inferences from the evidence.  
Couchman v. State
, 3 S.W.3d 155, 161 (Tex. App.—Fort Worth 1999, pet. ref'd).  

Article 13.17 of the code of criminal procedure provides that “[t]o sustain the allegation of venue, it shall only be necessary to prove by the preponderance of the evidence that by reason of the facts in the case, the county where such prosecution is carried on has venue.”
  Tex. Code Crim. Proc. Ann
. art. 13.17 (Vernon 2005).  On appeal, we are to presume venue was proved in the trial court unless it was disputed at trial or the record affirmatively shows the contrary.  
See 
Tex. R. App. P.
 44.2(c)(1).  When venue is made an issue in the trial court, failure to prove venue in the county of prosecution constitutes reversible error.  
Black v. State
, 645 S.W.2d 789, 791 (Tex. Crim. App. 1983); 
see Knabe
, 836 S.W.2d at 839.  Proof of venue must be demonstrated by either direct or circumstantial evidence.  
Black
, 645 S.W.2d at 790.  Additionally, as a general rule, courts will take judicial notice that the location of a particular town or city is the county seat of such county.
  Id. 
at 791.

Here, E.H. pleaded true to the assault that occurred in Young County, and the State proceeded on the assault that occurred in Garza County.  The State’s only witness, Josh Bustoz, testified that he lived in Post, Texas and that he was employed as a youth worker at the juvenile detention facility there.  He testified that while he was working one day, he saw E.H. strike another resident on the head.  Bustoz never testified that the detention facility was located in Garza County, and the State did not offer any other proof of such fact.   But a rational trier of fact could have determined from Bustoz’s testimony that the offense took place in Post, Texas, and the court may take judicial notice that Post is the county seat of Garza County.  
See 
Tex. R. Evid
. 201;
 Lozano v. State
, 958 S.W.2d 925, 929-30 (Tex. App.—El Paso 1997, no pet.); 
see also Ramirez v. State
, No. 08-03-00513-CR, 2005 WL 1992263, at *3 (Tex. App.—El Paso Aug. 18, 2005, no pet.) (not designated for publication) (holding venue sufficiently proven by evidence that offense occurred in El Paso because “[c]ourts can take judicial notice that El Paso, Texas is the county seat of El Paso County”).  Thus, viewing the evidence in the light most favorable to the verdict, we hold that a rational trier of fact could have found that the offense occurred in Garza County.  
See Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Hampton v. State
, 165 S.W.3d 691, 693 (Tex. Crim. App. 2005); 
see also Rippee
, 384 S.W.2d at 718; 
Knabe
, 836 S.W.2d at 839
.  Accordingly, 
we hold that the evidence is legally sufficient to support the jury’s verdict.  We overrule E.H.’s sole issue and affirm the trial court’s judgment.

PER CURIAM

PANEL F: MCCOY, J.; CAYCE, C.J.; and LIVINGSTON, J.

DELIVERED: May 18, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P. 
47.4.

2:
In his reply brief, E.H. twice argues that the evidence is “legally insufficient” to prove that the offense occurred in Garza County, and he seeks an acquittal, all of which support a legal sufficiency argument.  
See Moff v. State
, 131 S.W.3d 485, 489 (Tex. Crim. App. 2004).  

3:
Before trial, E.H. objected that venue in Young County was improper regarding the Garza County case.  The trial court overruled the objection, and E.H. does not complain of this ruling on appeal.