COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-05-275-CV

 

 

IN THE MATTER OF E.H.

                                                                                                        

                                              ------------

 

                  FROM
THE COUNTY COURT OF YOUNG COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

A jury convicted Appellant
E.H., a juvenile, of two counts of assault, and the trial court ordered him
committed to the Texas Youth Commission for a period of not less than nine
months and not more than twenty-four months. 
In a sole issue, E.H. claims in his original brief that the evidence is Ainsufficient@ to prove
that one of the offenses occurred in Garza County.  We will construe E.H.=s issue as a challenge to the legal sufficiency of the evidence.[2]









The State=s adjudication petition, filed in Young County, alleged that Aon or about the 7th day of March, 2005, in Young County,
Texas, [E.H.] did then and there intentionally, or recklessly cause bodily
injury to [another] by hitting [him] in the face and arm with [E.H.=s] fist[s]@ and that Aon or about the 28th day of March, 2005, in Garza County,
Texas, [E.H.] did then and there intentionally, or recklessly cause bodily
injury to [another], by hitting [him] in the back of the head with [E.H.=s] fist[s].@  [Emphasis added.]  Young County authorities agreed to accept the
Garza County case, and it was transferred to Young County.[3]









When juvenile appellants
complain that the evidence is legally insufficient to support an adjudication
of delinquency, we apply the criminal standard of review, which is more
stringent than the Ano evidence@ standard applicable in civil cases. 
In re J.D.P., 85 S.W.3d 420, 422 (Tex. App.CFort Worth 2002, no pet.).  The
evidence is sufficient to establish venue if, from the evidence, the trier of
fact may reasonably conclude that the offense was committed in the county
alleged.  Rippee v. State, 384
S.W.2d 717, 718 (Tex. Crim. App. 1964); Knabe v. State, 836 S.W.2d 837,
839 (Tex. App.CFort Worth
1992, pet. ref=d).  When deciding the issue of venue, the trier
of fact may make reasonable inferences from the evidence.  Couchman v. State, 3 S.W.3d 155, 161
(Tex. App.CFort Worth
1999, pet. ref'd).  

Article 13.17 of the code of
criminal procedure provides that A[t]o sustain the allegation of venue, it shall only be necessary to
prove by the preponderance of the evidence that by reason of the facts in the
case, the county where such prosecution is carried on has venue.@  Tex. Code
Crim. Proc. Ann. art. 13.17 (Vernon
2005).  On appeal, we are to presume
venue was proved in the trial court unless it was disputed at trial or the
record affirmatively shows the contrary. 
See Tex. R. App. P.
44.2(c)(1).  When venue is made an issue in
the trial court, failure to prove venue in the county of prosecution
constitutes reversible error.  Black
v. State, 645 S.W.2d 789, 791 (Tex. Crim. App. 1983); see Knabe, 836
S.W.2d at 839.  Proof of venue must be
demonstrated by either direct or circumstantial evidence.  Black, 645 S.W.2d at 790.  Additionally, as a general rule, courts will
take judicial notice that the location of a particular town or city is the
county seat of such county.  Id. at
791.








Here, E.H. pleaded true to the
assault that occurred in Young County, and the State proceeded on the assault
that occurred in Garza County.  The State=s only witness, Josh Bustoz, testified that he lived in Post, Texas
and that he was employed as a youth worker at the juvenile detention facility
there.  He testified that while he was
working one day, he saw E.H. strike another resident on the head.  Bustoz never testified that the detention
facility was located in Garza County, and the State did not offer any other
proof of such fact.   But a rational
trier of fact could have determined from Bustoz=s testimony that the offense took place in Post, Texas, and the court
may take judicial notice that Post is the county seat of Garza County.  See Tex.
R. Evid. 201; Lozano v. State, 958 S.W.2d 925, 929-30 (Tex. App.CEl Paso 1997, no pet.); see also Ramirez v. State, No.
08-03-00513-CR, 2005 WL 1992263, at *3 (Tex. App.CEl Paso Aug. 18, 2005, no pet.) (not designated for publication)
(holding venue sufficiently proven by evidence that offense occurred in El Paso
because A[c]ourts can take judicial notice that El Paso, Texas is the county
seat of El Paso County@).  Thus, viewing the evidence in the light most
favorable to the verdict, we hold that a rational trier of fact could have
found that the offense occurred in Garza County.  See Jackson v. Virginia, 443 U.S. 307,
319, 99 S. Ct. 2781, 2789 (1979); Hampton v. State, 165 S.W.3d 691, 693
(Tex. Crim. App. 2005); see also Rippee, 384 S.W.2d at 718; Knabe,
836 S.W.2d at 839.  Accordingly, we hold
that the evidence is legally sufficient to support the jury=s verdict.  We overrule E.H.=s sole issue and affirm the trial court=s judgment.

PER CURIAM

 

PANEL F:    MCCOY, J.; CAYCE, C.J.; and LIVINGSTON, J.

 

DELIVERED:
May 18, 2006








 

 

 

 

 











[1]See Tex. R. App. P. 47.4.





[2]In his reply brief, E.H. twice
argues that the evidence is Alegally insufficient@ to prove that the offense occurred in Garza County, and he
seeks an acquittal, all of which support a legal sufficiency argument.  See Moff v. State, 131 S.W.3d 485, 489
(Tex. Crim. App. 2004).  





[3]Before trial, E.H. objected that
venue in Young County was improper regarding the Garza County case.  The trial court overruled the objection, and
E.H. does not complain of this ruling on appeal.