COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

                                       NOS.
2-06-341-CR 

       
2-06-342-CR 

       
2-06-343-CR 

      
2-06-344-CR

 

DONALD LEE BRYANT                                                          APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Donald Lee Bryant appeals
from his convictions for indecency with a child and aggravated sexual assault
of a child.  We affirm.

In his first point, appellant
challenges the sufficiency of the evidence to establish venue, i.e., that he
committed the crimes in Tarrant County, as alleged in the indictments.








The State must prove venue by
a preponderance of the evidence.[2]  Venue may be proven by either direct or
circumstantial evidence,[3]
and the jury may make reasonable inferences from the evidence to decide the
venue issue.[4]
The evidence is sufficient if the jury may reasonably conclude therefrom that
the offense was committed in the county alleged.[5]

In this case, all four of the
complainants testified that the charged offenses occurred in appellant=s home during the same time period. 
Two of the complainants did not know where appellant=s home was located.  A third
complainant testified that appellant=s home was in Fort Worth; however, she did not know whether it was in
Tarrant County.[6]  The fourth complainant, P.W., testified that
the home was in Fort Worth.  When asked, ADo you know if that=s also in Tarrant County, Texas,@ she replied, AYes.@








We hold that P.W.=s testimony is sufficient to establish by a preponderance of the
evidence that the charged offenses occurred in Tarrant County.[7]  Appellant argues that the testimony shows
only that P.W. knew Aif@ or Awhether@ appellant lived in Tarrant County, not that appellant actually lived
there.  The jury reasonably could have
inferred, however, that P.W. meant that appellant lived in both Fort Worth and
Tarrant County.  For these reasons, we
overrule appellant=s first
point.

In his second point,
appellant complains that the trial court improperly denied his motion for a
mistrial during the punishment phase of trial. 
Appellant contends that his motion for mistrial was in essence a motion
for a new trial on guilt-innocence based on newly discovered evidence.








A trial court=s denial of a motion for mistrial or a motion for new trial based on
newly discovered evidence will not be reversed absent an abuse of discretion.[8]  The trial court does not abuse its discretion
by denying a motion for new trial based on newly discovered evidence unless,
among other things, the new evidence is probably true and will probably bring
about a different result on retrial.[9]

In this case, appellant took
the stand during the punishment phase of trial and testified that he had become
a born-again Christian after the alleged offenses had occurred.  Appellant asked the jury to place him on
community supervision and stated that he would agree to wear a leg
monitor.  Later, after the close of the
evidence on punishment, appellant moved for a mistrial and a new trial on
guilt-innocence based on a remark that had allegedly just been overheard in the
ladies= restroom.  The trial court
denied the motion for mistrial but allowed the defense to reopen the evidence,
and several witnesses testified before the jury regarding the alleged newly
discovered evidence. 

When the evidence was
reopened, Nelda Probst, a defense witness with whom appellant was living at the
time of trial, testified that she had overheard Charlotte Grady say to her
sister, Caroline White, ABorn-again
Christian my ass. . . .  If he was a
Born-again Christian he would have given up the house and we wouldn=t be going through this.@








A defensive theory during the
guilt-innocence phase of trial had been that the accusations against appellant
were false and motivated by a desire to send him to prison so that his house,
in which he held a life estate following the death of his second wife, could be
sold.  Appellant=s second wife was the grandmother of Grady and White.  Two of the complainants, S.G. and P.W., were
Grady=s and White=s daughters,
respectively. 

Probst testified that she
believed Grady=s comment
showed that she and White had Abrainwashed@ S.G. and
P.W. into believing that they had been molested by appellant so that they would
testify against him.  Probst believed
this was a plot to get appellant out of the house so that Grady, White, and
their children could benefit financially when the house was sold.[10]








Grady also testified and
admitted saying to White, AIf he was a Born-again Christian, my ass[,] he would have already
turned over the house.@  But Grady denied saying that Awe wouldn=t be here in
court on these cases@ if
appellant had just let go of the house. 
Instead, Grady and White explained that their grandmother=s will provided that appellant was allowed to keep the house as long
as he lived there, but that if appellant vacated the house he was supposed to
turn it over to the family so that it could be sold.  Grady testified that the family Adid not have any kind of problem@ with appellant=s keeping
the house until after he had moved out of it.[11]  At that point, according to Grady, the family
asked for the keys back, but appellant refused to return them.  Grady believed that this was a violation of
her grandmother=s will and
that appellant was doing it just to torment the family.  Grady opined, AThat=s not a
Christian way to act.@ 

Grady and White both
acknowledged that they and their families would benefit if the house were
sold.  But Grady denied convincing S.G.
and P.W. to accuse appellant falsely so that they could get the house away from
him. Instead, Grady and White testified that they believed their daughters= allegations against appellant. 
The two women further testified that they had not known A.B. and S.B.,
the other two complainants, before trial and that these girls and their
families had nothing to gain financially by testifying against appellant.[12]








Having carefully considered
the newly discovered evidence, we hold that the trial court did not abuse its
discretion by concluding that the evidence probably would not bring about a
different result on retrial.  Indeed,
even after hearing the newly discovered evidence, the jury did not recommend
that appellant receive community supervision, as he had requested.  Instead, the jury assessed his punishment at
twenty-five years in prison for the aggravated sexual assault offense and ten
or fifteen years in prison for each of the indecency offenses.[13]  If the jury had doubted appellant=s guilt after hearing the newly discovered evidence, it would not have
assessed prison time.

For these reasons, we hold
that the trial court properly denied appellant=s motion for mistrial/new trial. 
We overrule appellant=s second point and affirm the trial court=s judgments.

PER CURIAM

PANEL F: 
CAYCE, C.J.; LIVINGSTON and DAUPHINOT, JJ.








DO NOT PUBLISH        

Tex. R. App. P. 47.2(b)

DELIVERED: 
November 29, 2007                          











[1]See Tex. R. App. P. 47.4.





[2]Tex. Code Crim. Proc. Ann. art.
13.17 (Vernon 2005).





[3]Black
v. State, 645 S.W.2d 789, 790 (Tex. Crim. App. 1983).





[4]Couchman
v. State, 3 S.W.3d 155, 161 (Tex. App.CFort
Worth 1999, pet. ref=d).





[5]Rippee
v. State, 384 S.W.2d 717, 718 (Tex. Crim. App. 1964); Knabe
v. State, 836 S.W.2d 837, 839 (Tex. App.CFort Worth 1992, pet. ref=d).





[6]We
have, at appellant=s
request, taken judicial notice of the fact that, at the time of the alleged
offenses, the city limits of Fort Worth included both Tarrant and Denton
Counties.





[7]Appellant
did not request a limiting instruction regarding P.W.=s
testimony; therefore, it was admissible for all purposes.  Tex.
R. Evid. 105(a); Hammock v. State, 46 S.W.3d 889, 895 (Tex. Crim.
App. 2001).





[8]Keeter
v. State, 74 S.W.3d 31, 37 (Tex. Crim. App. 2002) (motion
for new trial); cf. Hawkins v. State, 135 S.W.3d 72, 77 (Tex. Crim. App.
2004) (motion for mistrial based on alleged improper jury argument).





[9]Keeter, 74
S.W.3d at 37.  Similarly, in determining
whether the trial court properly denied a motion for mistrial, we consider the
prejudicial effect of the misconduct, curative measures, and the certainty of
conviction absent the misconduct.  Hawkins,
135 S.W.3d at 77.





[10]Appellant
had previously testified at punishment that he believed Grady had convinced all
four of the complainants and their families to falsely accuse him of committing
the alleged offenses. 





[11]White
testified similarly. 





[12]Appellant
was A.B. and S.B.=s
biological grandfatherCtheir
father=s
father. S.G. and P.W., on the other hand, were the great-grand-daughters of
appellant=s
second wife but were not related to appellant biologically.





[13]The
punishment ranges for these offenses were 5 to 99 years and 2 to 20 years,
respectively.  Therefore, the jury could
have chosen to recommend community supervision for these offenses.  See Tex.
Code Crim. Proc. Ann. art. 42.12, ' 4 (Vernon Supp.
2007).  Effective September 1, 2007, a
defendant cannot receive community supervision if he is convicted of indecency
with a child or aggravated sexual assault of a child and the child was under
fourteen years of age when the offense was committed.  Id. art. 42.12, ' 4(d)(5).  This provision does not apply to appellant=s
cases, however, because he was convicted and his punishment was assessed in
September 2006.